## Madison County *v*. James P. Frazier.

1. Board of Supervisors. *Assessments. Judgment. When final.*

    An order of a board of supervisors directing an assessment is not final until the assessment roll is approved and the board adjourned.

2. Same. *Appeal. Code 1892, § 80.*

    An appeal will not lie, under code 1892. § 80, from an order of the board of supervisors directing an assessment until its judgment approving the assessment roll shall have. become final.

3. Same. *Adjournment pending investigation. Code 1892, § 3794. Approval by operation of law.*

    Where the board of supervisors, at its August meeting, passed upon particular assessments, and adjourned until its September meeting without approving the assessment roll, an appeal will not lie from an order, entered at the August meeting, directing a assessment, before its meeting in September and its approval of the roll; nor will assessments ordered at its August meeting stand approved by operation of the law (code 1892, § 3794) by reason of the adjournment of the board to its September meeting.

From the circuit court of Madison county.

Hon. Robert Powell, Judge.

From a judgment of the court below in favor of Frazier, vacating an assessment, Madison county appealed to the supreme court. The facts are fully stated in the opinion of the court.

*Chrisman & Howell*, for appellant.

The appeal by Frazier from the board of supervisors to the circuit court was void, being from a mere ministerial act of the board, and not from its final judgment. The assessment rolls were not approved by the order appealed from, and the whole assessment was *in fieri*. The circuit court should have sus-

tained the motion of the county to dismiss the appeal, giving judgment on the appeal bond in the county's favor. It erred in not so doing, and this court is now asked to render such a judgment here.

*W. H. Powell*, for appellee.

The appeal to the circuit court was taken from the final order of the board of supervisors, assessing Frazier with $17,464, made at the August term, and the board had no control of the order at its September meeting. Its attempt at the latter meeting to deal with the previous order in the premises was void for want of jurisdiction. It is not denied that the assessment was not made by the assessor or tax collector. It was made by the clerk of the board of supervisors without the knowledge or consent of either of said officers. The constitutional officers did not make the assessment; it is void, and the circuit court rightfully annulled it. *State* v. *Simmons*, 70 Miss., 485; *Adams* v. *Brennan*, 72 Miss., 894.

Argued orally by *J. B. Chrisman*, for appellant, and by *W. H. Powell*, for appellee.

TERRAL, J., delivered the opinion of the court.

The board of supervisors of Madison county, at its adjourned meeting, on the twenty-sixth day of August, 1900, assessed J. P. Frazier for $17,464 as solvent credits, or directed him to be so assessed, and not having finished a consideration of said assessment rolls, it adjourned on that day until its regular meeting in September, 1900. At its September meeting it approved the assessment rolls of the county. However, on the twenty-eighth day of August, 1900, Frazier applied to the clerk of the board of supervisors and obtained an appeal to the circuit court from the assessment of $17,464 of solvent credits made against him on August 26, 1900. The appeal was premature. The assessment was not approved until Sep-

tember 7, 1900, and until that day the matter was *in fieri.* No judgment had been made, and, no judgment having been made, there was nothing from which an appeal lay. The assessment of Frazier for $17,464 of solvent credits, made August 26, 1900, was not approved by operation of law, by reason of the adjournment of the board on that day until its September meeting. The assessment against Frazier was ineffectual until action was taken by the board after notice of the assessment was given to Frazier, or his appearance thereto.

The appeal of Frazier was premature, and it should have been dismissed from the circuit court. Under § 80, code 1892, an appeal lies to the circuit court from the decision of the board on the assessment of taxes, but here no decision had been made, nor was any attempted to be made until September 7, 1900.

*Reversed, and dismissed at the costs of appellee.*