WILKINSON COUNTY *v.* FOSTER CREEK LUMBER & MFG. CO.*

(Division B. May 12, 1924.)

[100 So. 2. No. 24092.]

TAXATION. *When appeal from order of board equalizing assessment will lie, stated.*

An appeal from the board of supervisors in assessing and equalizing taxes does not lie until after the State Tax Commission has passed on the roll and equalized it with those of other counties, under sections 6-10, chapter 323, Laws 1920, Hemingway's Supplement 1921, sections 7769d1 to 7769h1, and an appeal taken by a taxpayer prior to the filing of the assessment roll with Tax Commission will be dismissed. *Moller-Vanderboom Lumber Co.* v. *Attala County,* 99 So. 823, cited.

---

*Headnote 1. Taxation, 37 Cyc, p. 1116 (1925 Anno).

APPEAL from circuit court of Wilkinson county.

HON. R. L. CORBAN, Judge.

Proceedings by the board of supervisors of Wilkinson county, increasing an assessment against the Foster Creek Lumber & Manufacturing Company. From a judgment on appeal, striking a portion of the order increasing the assessment, the county appeals. Reversed, and appeal from board of supervisors to circuit court dismissed.

*Tucker & Tucker,* for appellant.

This cause is here on appeal from judgment of the circuit court of Wilkinson county sustaining a motion of the appellee, and adjudging an increase, made by the board of supervisors at their August meeting, 1923, of twenty per cent of the timber valuation of appellee null and void, and striking said increase in appellee's timber assessment from the land roll.

Section 5, chapter 323, Laws of 1920, is a substitute for section 4303 of Code of 1906. In this section 5, is a notice to the public not only that the rolls are filed, but that the rolls are filed and equalized and as "so equalized are ready and open for inspection and examination." After the notice is given ten days before the August meeting, then section 6, of said chapter 323, requires the board on the first Monday of August to hear and determine (pursuant to said notice to the public) all exceptions, not to the roll as filed by the assessor as was required by the code, but to the roll as equalized by the board at the July meeting and required by said sections of said chapter 323.

It is clearly shown by the above sections 3, 5, 6, and 7, of chapter 323, Laws of 1920, that the legislature intended to cover the whole subject of completing and filing the rolls, notice to the public of equalization of rolls made by the board, time in which to object to the rolls as so equalized, and that construing these said sections

together they expressly repeal section 4303 of the Code of 1906, section 6937, Hemingway's Code.   See *Ascher & Baxter* v. *Moyse & Co.,* 101 Miss. 36, 57 So. 229; *State* v. *Order of Elks,* 69 Miss. 895; *Clay County* v. *Chickasaw County,* 1 So. 753.

The court below held that the said resolution of the board on the minutes of the board was a horizontal order raising the appellee's taxes, but in the court's judgment it orders appellee's raise in assessment stricken from the land assessment roll and not the resolution stricken from the minutes of the board.

We submit that the board of supervisors increased appellee's timber assessment at the proper time, in the proper manner and with due notice, and that the appellant was entitled to a trial of the cause on proof of the value of the timber on February 1st of the year, 1923.

*D. C. Bramlette,* for appellee.

The board of supervisors of Wilkinson county on the 8th day of August, A. D. 1923, passed a horizontal order providing that the "timber assessment" of the entire county be increased to its "present value," "twenty per cent on the assessment as given in by owners for the year 1923."

The question presented by this case is whether or not the twenty per cent increase in the timber assessment was valid.   The court below set aside this twenty per cent increase and we respectfully submit that an affirmation of this judgment in inescapable.

No authority is needed to show the utter invalidity or nullity of this horizontal or blanket order by which this twenty per cent increase was made.   This court has already expressed itself on this precise point.   *Anderson* v. *Ingersol,* 62 Miss. 73-75.

The assessor in this case made no effort to comply with the plain and unmistakable mandatory requirements of this law.   Our court defines this notice required of the

assessor to be "in lieu of personal summons." Appellant argues that section 4304, Code of 1906, is repealed by implication.

The sections that the legislature desired to be repealed by chapter 323, Laws of 1920, are designated by number and this section is left intact as a part of the taxation scheme of our state government. Surely appellant would not deny to the taxpayer the notice that the assessor had returned and filed his rolls?

Section 8, chapter 323, Laws of 1920, requires that by September 1 the board of supervisors shall transmit directly to the state tax commission two copies of the recapitulation of their assessment, as equalized.

So it must be at the August Meeting that the taxpayer shall present objections, if at all, after he received written notice from the clerk that his assessment was increased as much as five hundred dollars.

Argued orally by *W. F. Tucker,* for appellant, and *D. C. Bramlette,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The Foster Creek Lumber & Manufacturing Company took an appeal to the circuit court from an order of the board of supervisors rendered at their equalization meeting in August, 1923, increasing the assessed value of its timber, and the circuit court, on motion of the appellee, struck out that portion of the board's order making a twenty per cent. raise on the timber on all lands in the county, including the appellee's from which judgment of the circuit court the county appeals here.

The appeal from the order of the board of supervisors was premature, because made before the tax rolls had finally been acted on by the State Tax Commission. And the judgment of the circuit court must be reversed and the appeal to the circuit court dismissed under the authority of *Moller-Vanderbloom Lumber Co.,* v. *Board of*

*Supervisors of Attala County,* rendered by Division A, April 28, 1924, 99 So. 823, which opinion holds that no appeal would lie until the meeting of the board next after the Tax Commission has returned its order to the county board of supervisors. The syllabus of the opinion in said case is as follows:

"Section 81, Code of 1906, section 61, Hemingway's Code, and sections 6, 7, 8, 9, and 10, chapter 323, Laws of 1920 (amendment to State Tax Commission Act) sections 7769d1 to 7769h1 inclusive, Hemingway's Supplement 1921, are to be construed together in determining when a taxpayer aggrieved at a decision of the board of supervisors as to his assessment for taxes has the right of appeal to the circuit court, and so construing said statutes, held that the order of the board of supervisors at its August equalization meeting approving the assessment rolls is not final, but only interlocutory, and there is no right of appeal by the taxpayer until the final order of the board of supervisors approving such rolls, and such final order cannot be entered earlier than the meeting of the board at which the instructions of the State Tax Commission in reference to horizontal increases and decreases in the assessments are required to be carried out by the board. The time limit for the taking of such appeals being prescribed by section 10, chapter 323, Laws of 1920, section 7769h1, Hemingway's Supplement, 1921."

Reversed, and appeal from the board of supervisors to the circuit court dismissed.

*Reversed.*