Moller-Vonderboom Lumber Co. *v.* Board of Sup'rs of Attala County.*

(Division A. Feb. 16, 1925.  Suggestion of Error Overruled March 16, 1925.)

[103 So. 81.  No. 24636.]

Taxation. *Appeal bond executed and filed with clerk of circuit court during session of board of supervisors, appealed case from board, although final judgment assessing lands, was entered after filing.*

Where one feels aggrieved by the judgment of a board of super-
visors in the matter of assessing of taxes and undertakes to ap-
peal therefrom to the circuit court under section 10, chapter 323,
of the Laws of 1920, and where the record shows that the board
of supervisors was in session on October 3d passing on matters
of assessment and remained in session until October 11th, in-
clusive, but did not enter final judgment assessing the lands for
taxes until October 11th, a bond executed on October 6, 1923,
and filed with the clerk of the board of supervisors on October 8,
1923, had the effect to appeal the case to the circuit court, and it
was error for the lower court to dismiss the appeal.

*Headnote 1.  Taxation, 37 Cyc., p. 1115.

APPEAL from circuit court of Attala county.

HON. T. L. LAMB, Judge.

From a judgment dismissing an appeal of the Moller-
Vonderboom Lumber Company from an order of the
board of supervisors of Attala county assessing taxes,
it appeals. Reversed and remanded.

See, also, 99 So. 823.

*S. L. Dodd, Fulton Thompson* and *R. H. & J. H. Thomp-
son,* for appellant.

I.   When this case reached the circuit court the board
of supervisors moved to dismiss the appeal on the
ground that this, its second effort to appeal to that court,
was premature, pointing out that the final order of the
board of supervisors was not entered on its minutes un-
til October 11, 1923, and claiming that the appeal was
perfected October 6, 1923, and the appeal bond filed Octo-
ber 8, 1923, three days before the order of the board
denying appellant relief became final.  The motion did
not call the court's attention to the refiling of the ap-
peal bond on October 13, 1923.  No objection was made
to the bond itself.

The circuit court sustained the motion and dismissed
the appeal; this it did September 19, 1924.  The only
question presented to this court on the present appeal
is whether the judgment of the circuit court dismissing

the appeal from the board of supervisors was an erroneous one. It will be noted that the appeal to the circuit court was seasonably made under Laws 1920, chapter 323, section 10. *James* v. *Woods,* 65 Miss. 528, 5 So. 106, controls here.

If this be the law relating to appeals to the circuit court from the courts of a justice of the peace, as manifestly it is, no man can give a reason why it is not the law of appeals to the circuit court from the judgments and orders of the board of supervisors, under section 81, Code of 1906, the statute governing appeals relating to assessments of property for taxation, or under Laws of 1920, section 10, chapter 323. Besides the refiling of the appeal bond, after the judgment appealed from became final cured all previous irregularities therein.

II. The judgment of the circuit court peremptorily dismissing the appeal to that court, from the judgment of the board of supervisors was erroneous, even if the appeal bond was so irregular and contained such infirmities as not to afford the obligee therein full and due protection as an appeal bond. The circuit court judgment in such a case should not have peremptorily dismissed the appeal, but should have required the appellant to execute an unobjectionable appeal bond, granting a limited but reasonable time for so doing. *Bank* v. *Lafayette County,* 79 Miss. 152, 29 So. 825. The question presented in this case has been decided by this court; at least, the identical question has been so decided wherein was involved an appeal from the chancery court to this court. *Hughes et al.* v. *Kaw Investment Co.,* 129 Miss. 434, 91 So. 702.

The case at bar is to be distinguished from *Madison County* v. *Frasier,* 78 Miss. 880.

*Jas. T. Crawley,* for appellee.

This court in passing on the right of appeal by a disgruntled taxpayer, has already in this identical case when it was here before the court on a former appeal,

fixed the time at which an appeal might be prosecuted. Justice ANDERSON in that case, says: "We hold that only the final order of the board of supervisors can be appealed from, and that the right of appeal and the manner in which it is to be prosecuted are regulated and controlled by section 81, Code of 1906, section 61, Hemingway's Code, and section 10, chapter 323, Laws of 1920, section 7769h1, Hemingway's Sup. 1921, construed together.

From this it is evident that no appeal can be prosecuted from a decision of the board of supervisors with reference to assessments of property until after the final order is made by the board of supervisors. In this case the Moller-Vonderboom Lbr. Co. attempted to appeal before the final order had been passed by the board of supervisors. They filed their appeal bond, and had it approved and this in effect carried the case to the circuit court before the order had ever been passed by the board of supervisors. Consequently, had the clerk prepared the papers then and there, and at that time, and sent them on up to the circuit court, the final order of the board would not have been included in the papers in this case.

There is another matter in this case that I desire to discuss briefly. It is this—After a court paper has once been filed it becomes a part of the court records, and no person is authorized to alter, mark, change, vary or in any way change the papers, or any part of the same, without first having secured the permission of the court so to do. That was not done in this instance. The bond was filed on October 8, 1923. Thereafter, for some reason, and without any authority, or without any permission so to do, appellant re-filed this bond. By what authority he did this, I do not know.

This case is to be distinguished from the case cited by counsel for the appellant, to-wit: *James* v. *Woods,* 65 Miss. 528. This case is controlled by special legislative enactment. There has been a special statute passed in matters of these kinds, fixing the time of appeal.

After the final approval of the tax rolls is the time to take an appeal, according to chapter 323, Laws of 1920, as announced by a decision of this court heretofore in *Madison County* v. *Frasier,* 78 Miss. 880. And then again in *Moller-Vonderboom Lbr. Co.* v. *Board of Supervisors, Attala County* (Miss.), 99 So. 823.

This court has the right to take judicial knowledge of the time for entering final judgments. This court knows that, as a matter of procedure, after an order has been fulfilled by the board of supervisors of a county, to comply with the order of the state Tax Commission, that order specifying that this has been done, is certified to the state Tax Commission, and thereafter, the state Tax Commission sends a final order back to the board of supervisors of the county, which order is then and there placed on the minutes of the board of supervisors, and an order then entered approving the same, and making it final.

This final order does not appear in the record of this case. Therefore, it is to be presumed by the court that that order had not been placed of record, or entered at the time of the filing and making of this appeal. This being true, the appeal here is an appeal from an interlocutory order of the board of supervisors of Attala county, Mississippi, and is premature, and cannot lie.

McGOWEN, J., delivered the opinion of the court.

At the August, 1923, meeting of the board of supervisors of Attala county a preliminary order was entered as to the assessment of taxes on the lands of the Moller-Vonderboom Lumber Company, as well as other citizens, from which interlocutory order the Moller-Vonderboom Lumber Company prosecuted an appeal to the circuit court. The circuit court dismissed said appeal, and upon appeal here the action of the lower court in dismissing the appeal was affirmed.

On October 3, 1923, the lumber company again presented its objections to the assessment of taxes to the board of supervisors of Attala county, and apparently on that day the objections were disallowed and the lum-

ber company's contention denied, though no final order under section 10, chapter 323, of the Laws of 1920, was entered on that date. The final order approving the raise ordered by the tax commission as provided for in section 10 of said act was entered on the minutes on October 11, 1923.

On October 6, 1923, the lumber company had its appeal bond approved by E. W. Sullivan, clerk of the court, and on October 8, 1923, the lumber company again filed its appeal bond, and had same marked filed, referring to an appeal from the order of October 3, 1923.

On October 13, 1923, the lumber company had the appeal bond theretofore filed marked refiled by the clerk of the board of supervisors. The above bond appears to have been approved on October 6, 1923. The circuit judge dismissed the appeal of the lumber company because the bond was prematurely filed.

When this case was before this court before it was held that section 81 of the Code of 1906 (Hemingway's Code, section 61) must be considered in connection with section 19 of chapter 323 of the Laws of 1920, and that an appeal did not lie from the interlocutory order of the board of supervisors entered in the month of August at the equalization meeting of said board.

Adhering firmly to the opinion rendered by the court, then we are of the opinion here that the appellant attempted to appeal from the order of the board entered at the meeting of the board of supervisors which considered and entered the final order contemplated in section 10 of the above-named act, and that the preparation of the appeal bond in advance of the actual date of entry of said final order made at the same or an adjourned meeting of the board of supervisors operates to appeal the case from the levy of assessment by the board of supervisors to the circuit court.

This case is ruled by the case of *James* v. *Woods,* 65 Miss. 528, 5 So. 106. James, the defendant in a suit before a justice of the peace, prepared his appeal bond in

anticipation of an adverse judgment by the justice of the peace. The sureties executed his appeal bond before the case was tried. The bond was dated and approved April 13, 1888, and the judgment against the defendant was not entered until the next day, April 14, 1888. The record was sent to the circuit court, and the appeal was there dismissed.

Appeal was prosecuted to this court, where the judgment of the circuit court was reversed, and in the opinion by Mr. Justice ARNOLD it is said:

"It is not perceived that the irregularity of the appeal bond, being executed and approved before the judgment appealed from was rendered, vitiated the bond. The bond had the effect which one regularly executed and approved would have had, and it was available to protect appellee for all the purposes contemplated by law in such case."

The difference between the case as presented here on this record and the case presented in *Moller-Vonderboom Lumber Co.* v. *Board of Supervisors* (Miss.), 99 So. 823, is, in this case, an effort is being made to appeal from the final judgment of the board of supervisors, while in the latter case the effort was to appeal from an interlocutory order, and this court held that no appeal would lie under the general statute of appeals; neither would same lie under the special act (section 10, chapter 323, of the Laws of 1920).

The appeal should not have been dismissed as the appeal bond in this case as filed on October 8, 1923, operated to effectually protect the appellant lumber company in its effort to appeal to the circuit court.

*Reversed and remanded.*