MARATHON LUMBER CO. *v.* STATE *et al.*\*

(Division B.    April 20, 1925.)

[103 So. 798.    No. 24886.]

1. TAXATION. *Entering order of state tax commission approving rolls certified to it by board on minutes is final assessment from which taxpayer can appeal.*

   Where the board of supervisors, acting under chapter 323, Laws of 1920, equalizes the assessment roll between the taxpayers of the county, and overrules the exceptions to such equalization by the taxpayer, and certifies the footings of the several columns of the assessment rolls to the tax commission of the state as required by the act, and the state tax commission approves the roll without change, and the board of supervisors enters the order of the tax commission approving such rolls on the minutes of the board, it is a final assessment, from which an appeal may be prosecuted by the taxpayer.

2. TAXATION. *Assessment rolls ordered to be changed by state tax commission does not become final, until approved by board of supervisors.*

   In such case where the tax commission orders a change to be made in the assessment roll, it does not become final until the board has complied with the order of the tax commission, and approved the roll after such changes.

---

\*Headnotes 1.    Taxation, 37 Cyc., p. 1114;  2. Taxation, 37 Cyc., p. 1114.

APPEAL from circuit court of Smith county.

HON. W. L. CRANFORD, Judge.

Tax assessment proceeding before the board of supervisors of Smith county, in which the Marathon Lumber Company appealed to the circuit court from an order of the board overruling objections. From an order dismissing the appeal, the Lumber Company appeals. Reversed and remanded.

*Deavours & Hilbun* and *Hughes, Nobles & Lane,* for appellant.

Section 81, Code of 1906 (Hemingway's Code, sec. 61), provides that any taxpayer who feels aggrieved at his assessment, may appeal from any decision of the board of supervisors to the circuit court. Section 10, chapter 323, Laws of 1920, provides that any taxpayer who feels aggrieved at any action of the board of supervisors with reference to his assessment may appeal to the circuit court "within five days after the adjournment of the meeting at which equalization of assessments is made, or within five days after the adjournment of the meeting at which assessments are finally corrected in accordance with instructions of the state tax commission, or within five days after the adjournment of the board of supervisors at which the approval of the roll by the state tax commission is entered, at his option."

This court in the case of *Moller-Vanderboom Lumber Company* v. *The Board of Supervisors of Attala County,* 99 So. 823, limits the time that an aggrieved taxpayer may appeal from his assessment to the circuit court by holding that the manner in which appeals are to be prosecuted are to be regulated and controlled by section 81, Code of 1906 (Hemingway's Code, par. 61), and section 10, chapter 323 (Laws of 1920), construed together.

This court specifically held that to avoid confusion resulting from appeals from the different orders of the board of supervisors, that appeals would lie only from the final order of the board. The question that confronts us, therefore, is whether either of the appeals in the instant case is from a final order of the board of supervisors of Smith county. The trial court held that neither of the appeals was from a final order of the board of supervisors, and that the taxpayers could not appeal to the circuit court except from an order of the board entering the approval of the completed roll by the state tax commission. We think the court was in error.

The second appeal here filed by appellant on the 15th day of October, 1924, prayed for an appeal from the order of the board of supervisors entering and carrying out the instructions of the state tax commission after the state tax commission had examined the recapitulations. It is true that no increase or decrease was ordered by the state tax commission, but the approval of the recapitulation by the state tax commission, and its order directing the board of supervisors to make up the roll accordingly was a final order and not an interlocutory order.

It therefore follows that after the board of supervisors entered this certificate of the state tax commission at its regular October meeting that no further change of appellant's assessment could be legally made by the board of supervisors. We submit, therefore, that appellant appealed from a final order of the board when it filed its appeal bond on the 15th day of October, 1924, and that this court in the *Moller-Vanderboom Lumber Company case, supra,* so holds. See, also, *State* v. *Wheatley,* 113 Miss. 555, 74 So. 427.

The more recent Moller-Vanderboom Lumber Company case was from an order of the board receiving and carrying out the instructions of the state tax commission after its examination of the recapitulation of the assessment filed with it. This court held that this was a final order and could be appealed from to the circuit court. Appellant's appeal filed on the 15th day of October, 1924, corresponds exactly to this last appeal of the Moller-Vanderboom Lumber Company, and if in that case the appellant appealed from a final order, then in the instant case appellant appealed from a final order.

The ruling of the lower court in dismissing these appeals and retaining jurisdiction for the purpose of assessing damages was manifestly wrong, and this case should be reversed and remanded.

*Tullos & Martin* and *H. M. McIntosh,* for appellees.

Section 81, Code of 1906, Hemingway's Code, section 61, and chapter 323 of the Laws of 1920, must be con-

strued together under *Moller-Vanderboom Lumber Com-
pany* v. *Board of Supervisors of Attala County,* 99 So.
823. Under the provisions of section 10, chapter 323 of
the Laws of 1920, the board of supervisors are supposed
to receive from the tax commission the notification pro-
vided for in section 9 and prepare to return to the state
tax commission on or before the first Monday of No-
vember following, the completed roll for inspection and
under section 12 of said act, the state tax commission is
required to examine the roll and return to the board of
supervisors for correction, it being the contemplation of
said act that the roll, as finally made, might be approved
by the board of supervisors at its November meeting.

It is the contention of appellee that the board of super-
visors in receiving the notification from the state tax com-
mission at its October meeting, provided for by section
9 of chapter 323 of the Laws of 1920 without comment
and without entering any order, was not a final approval
of the roll and that an appeal taken by the appellant at
that time was premature, under *Moller-Vanderboom Lum-
ber Company* v. *Board of Supervisors of Attala County,*
99 So. 823.

It is the contention of appellee that the roll is not fi-
nally completed until an order of the board of supervisors
is entered approving the same, after the certificate has
been received from the state tax commission, or until
after the November meeting, at which said order should
be entered, as per section 11 of Acts of 1920, chapter 323.

In *Knox, Attorney General,* v. *Wyoming Mfg. Com-
pany,* 138 Miss. 249, 103 So. 11, it is said: "That an ap-
peal cannot be taken until the order of the tax commission
approving the roll as finally assessed, was entered." And
cites with approval *Moller-Vanderboom Lumber Com-
pany* v. *Board of Supervisors of Attala County.*

An assessment roll is not complete and final until made
so by an order of the board of supervisors or by opera-
tion of law and there has been no order of the board of

supervisors in this case approving the roll and the time when the same would become the roll finally corrected in accordance with the instructions of the state tax commission by operation of law, would not be until five days after the adjournment of the board of supervisors at its regular November meeting, 1924, and this appeal, in both instances, was taken prior to that time.

We therefore respectfully submit that the appeal was prematurely taken and that the judgment of the lower court should be sustained in sustaining plaintiff's motion to dismiss the same.

Argued orally by *George Nobles,* for appellant.

Ethridge, J., delivered the opinion of the court.

This is an appeal from an order dismissing the appeal from the board of supervisors to the circuit court from an order assessing the property of the appellant for the year 1924. In the year 1924, Smith county ordered a new assessment of real estate as well as of personal property and, when the board of supervisors had met at the July meeting, made changes deemed necessary by them to make the assessment uniform and equal, and gave notice to the taxpayers under the law (chapter 323, Laws of 1920) to appear at the August meeting and present any objections that they might have to the action of the board in regard to the said assessments. At the August meeting the appellant appeared before the board of supervisors and filed its objections to the assessment, setting out in its objection that the tax roll appeared to be prepared and filed on the 14th of July, 1924, by the tax assessor, and alleged that such roll is illegal and not a tax roll for the assessment of real property for the reason it was not filed on or before the first Monday of July, 1924, as required by law. And, second, that the board of supervisors was without authority to order a new assessment for the year 1924 as it appears in the minute book

139 Miss.—9.

of the board that they had so ordered, and that said order was illegal and void. And, third, that the law (chapter 323, Laws of 1920) provides for land assessments for the year 1919, and every two years thereafter, and that there has been no general assessment of the lands throughout the state for the year 1924, and that the board of supervisors of Smith county was without authority to have the assessment of the lands made for the year 1924. And, fourth, that on the pretended assessment roll as made and approved by the board of supervisors, and as now on file, there has been a material reduction in the value of the lands other than the lands belonging to this objector, and, an increase of twenty per cent. upon this objector's timber; that the assessment roll as thus approved violates the equalization of the real property of Smith county as approved by the state tax commission, and disturbs the equalization of the values of the property so assessed in Smith county with the real property of the other counties of the state. There were numerous other objections in the protest.

At the August, 1924, meeting, the board of supervisors disallowed the objections and approved the roll and directed that it be sent to the tax commission in conformity to law, and the requirements of the law were complied with in sending the tax commission the values as shown in the totals on the roll as to each class of property, etc. The tax commission, without ordering any change whatever, approved the assessment roll as made up by the board of supervisors as above stated, certifying that as made up the assessment roll was equalized with other property in the rest of the state. At the October meeting of the board, the certificate of the state tax commission, approving the roll without change, was ordered spread upon the minutes of the board of supervisors, and was spread thereon as provided.

The appellant took an appeal at the August, 1924, meeting of the board of supervisors, and also one at the October, 1924, meeting, within the time allowed by law after

adjournment of the board at such meetings. The board of supervisors did not, at the October, 1924, meeting, enter any other order of the board further approving the roll, nor did the board undertake to make any change therein. The appeal came on for hearing early in November, 1924, and on motion of the board of supervisors, the circuit judge dismissed the appeal, apparently on the ground that there had been no final order to appeal from.

In the recent case of *Moller-Vanderboom Lumber Co. v. Board of Supervisors of Attala County* 138 Miss. 289, 103 So. 81, the court held that an appeal taken from the order made in pursuance of the order of the tax commission by the board of supervisors was proper. In the former appeal in the same case (135 Miss. 249, 99 So. 823) the court held that an appeal would only lie from the final order, giving a construction to the statute which would limit appeals to the final order approving the assessment.

When the board of supervisors at the August, 1924, meeting overruled the objections and entered the final order approving the rolls in the present case, directing that they be sent to the tax commission under the requirements of law for approval by the tax commission, and where the tax commission makes no order of change whatever, but approves the roll as made up, and this order of the tax commission is directed to be spread upon the minutes of the board of supervisors and is spread thereon, it is a final approval of the roll as far as the tax commission and board of supervisors are concerned, and it is not necessary for the board of supervisors thereafter in such case to make a separate order re-approving the assessment roll itself.

If the tax commission orders a change, then the assessment is not complete until that change has been made and spread upon the minutes of the board of supervisors and approved by the board. The approval of the roll after such correction by the board would be necessary to show a conformity to the order of the tax commission. But

where the tax commission approves without any change its order is the last step in the proceeding, and when its approval is spread upon the minutes of the board of supervisors, the assessment is complete, and the taxpayer may appeal therefrom to the circuit court.

We are therefore of the opinion that the court below was in error in dismissing the appeal, and the judgment will be reversed, and the appeal reinstated, and the cause remanded for further proceedings.

*Reversed and remanded.*