EDWARD HINES YELLOW PINE TRUSTEES *v.* STATE *ex rel.*
KNOX, ATTORNEY-GENERAL.*

(In Banc.   Feb. 14, 1927.   Suggestion of Error Overruled April
11, 1927.)

[112 So. 12.   No. 26159.]

1. TAXATION. *Attorney General, aggrieved by decision of board of
   supervisors equalizing assessment roll, need not appeal till after
   approval of assessment roll (Laws 1918, chapter 120; Laws 1920,
   chapter 323).*

   Under Laws 1918, chapter 120, in view of the things to be done
   under Laws 1920, chapter 323, by board of supervisors and state
   tax commission in approving an assessment roll, *held* that At-
   torney General, being aggrieved by decision of the board when
   it equalized the assessment roll at August meeting, could ap-
   peal within twenty days after the adjournment of its meeting
   at which approval of assessment roll by the commission was
   entered on board's minutes; appeal not being required to be
   taken immediately after meeting of board at which it entered
   the order of commission approving its recapitulation of the as-
   sessments of the various classes of property.   (Affirmed by di-
   vided court.)

2. TAXATION. *Judgment increasing assessment, on appeal of Attorney
   General from board of supervisors, should not order payment of
   his commissions.*

   Order for payment of commissions to Attorney General from taxes
   as collected should not be included in judgment increasing as-
   sessment, on his appeal to circuit court from decision of board of
   supervisors in assessment proceedings.

   HOLDEN and ANDERSON, JJ., dissenting.

*Corpus Juris-Cyc. References: Taxation, 37Cyc, p. 1115, n. 91; p.
1119, n. 14.

APPEAL from circuit court of Pearl River county.
HON. J. Q. LANGSTON, Judge.

Tax assessment proceedings before the board of super-
visors of Pearl River county.   From a judgment of the

circuit court on appeal by the state, on the relation of Rush H. Knox, attorney-general, the Edward Hines Yellow Pine Trustees appeal. Modified and affirmed.

See, also, 108 So. 907; 111 So. 443.

*T. W. Davis, T. J. Wills* and *H. C. Holden,* for appellants.

*E. C. Sharp* and *Hathorn & Williams,* for appellee.

Reporter's Note:—Since the elaborate opinions of various members of the court follow closely the arguments in briefs of counsel and refer to all cases cited in the briefs, special excerpts from these briefs would be needless repetition.

Argued orally by *T. J. Wills,* for appellants, and *E. C. Sharp* and *F. C. Hathorn,* for appellees.

Smith, C. J., delivered the opinion of the court.

The attorney-general, being of the opinion that the assessment of the appellants' property for taxation, approved by the board of supervisors of Pearl River county at its August, 1923, meeting was too low, appealed therefrom to the court below. The appeal was taken within twenty days after the adjournment of the November meeting of the board, at which meeting there was entered on the minutes of the board the order of the state tax commission approving the assessment roll.

The appellants moved to dismiss the appeal, for the reason that it was taken after the time allowed therefor had expired. This motion was overruled, and when the case came on for trial the assessment was increased, and it was—"further ordered and adjudged that as and when said tax collector or tax collectors shall collect said taxes, or any part thereof, he shall remit to Rush H. Knox, attorney-general, or to his attorneys of record,

the fifteen per centum on such amount or amounts so collected to which he is entitled by law.''

Two errors are assigned, one the overruling of the motion to dismiss the appeal, and the other the inclusion in the judgment of the order directing the sheriff and tax collector to pay over to the attorney-general fifteen per centum of the amount of taxes collected by him on the assessment.

The statute under which the appeal was taken is chapter 120, Laws 1918, which provides:

''The county attorney, the district attorney, or the attorney-general, if the state, county or municipality be aggrieved by a decision of the board of supervisors or the municipal authorities of a city, town, or village as to the assessment of taxes, may, within twenty days after the adjournment of the meeting at which such decision is made, or within twenty days after the adjournment of the meeting at which the assessment rolls are corrected in accordance with the instructions of the state tax commission, or within twenty days after the adjournment of the meeting of the board of supervisors at which the approval of the roll by the state tax commission is entered, appeal to the circuit court of the county.''

A similar right of appeal is given the taxpayer by section 10, chapter 323, Laws 1920.

Appellants' contention is that the decision of the board of supervisors as to the assessment of taxes from which the statute grants an appeal is the final, and not an interlocutory decision; such decision becomes final when the assessment roll is approved, and that the assessment roll is approved when the board of supervisors enters on its minutes, or complies with, the order made by the state tax commission after an examination by the commission of the recapitulation of the assessments of the various classes of property. In other words, that in the case at bar, the appeal should have been taken immediately after the October meeting of the board of supervisors, for it then approved the assessment roll by

entering on its minutes the order of the state tax commis-
sion approving the assessments of the various classes
of property, as set forth in the recapitulation thereof.
The cases relied on by appellant in support of this con-
tention are those hereinafter cited.

A clear understanding of the questions raised by the
motion to dismiss will be facilitated by setting forth the
things to be done, under chapter 323, Laws 1920, by the
board of supervisors and the state tax commission in
approving an assessment roll.

The tax assessor must complete and deliver the as-
sessment roll to the clerk of the board of supervisors
on or before the first Monday in July, at which time the
board of supervisors must equalize the assessments, and
at its next, or August, meeting, will hear and determine
the objections of the taxpayers thereto. A recapitula-
tion of the assessments of the various classes of prop-
erty, as equalized, must then be transmitted by the board
of supervisors to the state tax commission by September
1st. This recapitulation must then be examined by the
state tax commission, and if it appears therefrom that
the assessments of all of the various classes of prop-
erty are correct, it shall be approved by the state tax
commission, in writing, transmitted to the board of su-
pervisors, and entered by the board on its minutes. If
it appear from this recapitulation that the assessment of
any class of property is too high or too low, the state
tax commission shall order the board of supervisors, in
writing, to raise or lower the assessment thereof. On re-
ceipt of this order, the board of supervisors must raise
or lower the assessments in accordance with the instruc
tions of the state tax commission, after having first cor-
rected any errors in the former equalization thereof.
When the order of the state tax commission approving
the recapitulation of the assessment roll has been en-
tered on the minutes of the board of supervisors, or the
order of the state tax commission to increase or lower
the assessments of any class of property has been com-

plied with by the board, the clerk of the board must then make two (in some counties three) copies of the roll and transmit one to the state tax commission, this being the first time the assessment roll is submitted to the state tax commission for its consideration, it having theretofore dealt only with the recapitulation of the assessments of the various classes of property. When the assessment roll has been received by the state tax commission, it must examine the roll, and, if found to be correct, it must certify that fact to the board of supervisors, but if "incorrect in any particular, it may return it to the board of supervisors for correction," which board shall then "cause the same to be corrected in accordance with the recommendations of the state tax commission." This correction of the roll may necessitate changes in some, if not all, of the individual assessments. When the order of the state tax commission approving the roll has been entered, as it must be, on the minutes of the board of supervisors, or when the board has complied with the order of the commission to further correct the roll, then, and not until then, the roll is approved and ready for use by the tax collector.

In the case at bar, the recapitulation of the assessment roll, as equalized by the board of supervisors at its August meeting, was transmitted to and approved by the state tax commission. An order of the commission approving this recapitulation was transmitted to and was entered on the minutes of the board of supervisors at its October meeting. A copy of the roll was then transmitted by the clerk of the board to the state tax commission, which then approved the roll by a written order which it transmitted to the board of supervisors, and which that board entered on its minutes at its November meeting.

It is clear from the examination hereinbefore made of chapter 323, Laws of 1920, that any decision by the board of supervisors as to the assessment of taxes made at the August meeting when it is equalizing the assessment roll, was, when made, an interlocutory decision, for it

might thereafter have been changed, had it become necessary so to do, either because of an order made by the state tax commission after an examination by the commission of the recapitulation of the assessments of the various classes of property, or after an examination by the commission of the completed assessment roll. Such a decision cannot become, in a strict sense, final until the assessment roll is either corrected or approved pursuant to the final order therefor by the state tax commission. In other words, in the case at bar, the decision at which the attorney-general was aggrieved, and which the court below reversed, became, in a strict sense, final when, and not until, the board of supervisors entered on its November minutes the order of the state tax commission by which it approved the roll.

Whether an appeal from a decision of the board of supervisors would lie under the statute before the approval of the assessment roll was presented to this court in the case of *Moller-Vandenboom Lumber Co.* v. *Board of Supervisors of Attala County,* 135 Miss. 249, 99 So. 823, wherein an appeal was taken immediately after the adjournment of the August meeting of the board of supervisors at which it rendered a decision in equalizing the assessment roll, at which the appellant felt aggrieved. The court below had overruled a motion to dismiss the appeal the ground of which was that the appeal was premature. The record therefore presented two questions for decision: (1) Will an appeal lie under the statute before the decisions complained of becomes final, and should that question be answered in the negative? (2) Had the decision complained of become final when the appeal was taken? Both of these questions were answered in the negative, thereby disposing of the case and all questions there presented. The court did there say that which is obviously true:

''That no final adverse decision to the taxpayer can be made by the board until its meeting at which the instruc-

tions of the state tax commission for horizontal increases or decreases are entered by the board of supervisors.''

This statement, however, cannot be construed as a holding that the compliance by the board of supervisors with such instructions of the state tax commission would constitute a final approval of the roll, for that question was not then presented for decision. The statute under consideration in that case was not the one under consideration here, but was section 10, chapter 323, Laws 1920, which grants the right of appeal to a taxpayer, and, while the wording of that statute and the one under consideration here are not identical, their meaning, in so far as the question now under consideration is concerned, is identical.

That case was followed in *Wilkinson County* v. *Foster Creek Lumber Co.,* 135 Miss. 616, 100 So. 2, wherein the appeal was taken immediately after the adjournment of the August meeting of the board of supervisors at which it equalized the assessment roll.

In *State* v. *Wyoming Mfg. Co.,* 138 Miss. 249, 103 So. 11, the appeal was taken by the attorney-general under the statute here under consideration. In that case, there were two petitions for appeal, one after the adjournment of the October meeting of the board of supervisors at which it entered the order of the state tax commission approving the recapitulation of the assessments of the various classes of property, and the other after the adjournment of the November meeting of the board of supervisors at which it entered the order of the state tax commission approving the assessment roll. This appeal was dismissed by the court below on the ground that:

"It was not filed within the time required by law."

The contention of counsel for the appellee there in support of this ruling of the court below was that the appeal should have been taken within twenty days after the adjournment of the August meeting of the board at which the decision complained of was first made. In response

to this, in reversing the case on the authority of the two cases hereinbefore cited, the court said:

"The appeal provided for can only be taken *from the order finally approving the assessment after its approval by the State Tax Commission.*" (Italics ours.)

The court did not state which of the two appeals was filed in time, but simply stated that two appeals were filed out of an abundance of caution, and that:

"The above authorities settled the date at which the appeal could be rightfully taken."

The Moller-Vandenboom Lumber Co. case was again brought to this court on appeal to the court below, taken immediately after the adjournment of the meeting of the board of supervisors at which it entered an order of the state tax commission approving the recapitulation of the assessments of the various classes of property. *Moller-Vonderboom Lumber Co.* v. *Attala Company,* 138 Miss. 289, 103 So. 81. The court below dismissed the appeal on the ground that the bond therefor was defective, and this court, in reversing that ruling, held that the bond was valid and that the appeal was taken within the time prescribed by the statute. That case was followed in *Marathon Lumber Co.* v. *State,* 139 Miss. 125, 103 So. 798. The ground of the first of these cases seems to be, and of the second is, that the assessment roll is approved by the entry on the minutes of the board of supervisors of the order of the state tax commission approving the recapitulation of the assessments of the various classes of property, unless corrections should thereafter be ordered to be made in the roll by the state tax commission after it examines the assessment roll. That an appeal will lie after the November meeting of the board of supervisors, in event it then complies with an order of the state tax commission to further correct the roll, is not only recognized but expressly so stated in the opinion in the Marathon Lumber Co. case, which makes a distinction between the effect of the entry by the board of supervisors at its October meeting of an order of the

state tax commission, approving the recapitulation of the assessment roll, and the order of the board then entered pursuant to an order of the state tax commission, disapproving the recapitulation of the assessments of the various classes of property and ordering horizontal increases or decreases therein, holding that in the first case the roll is approved, but not in the second. The error in this holding is that the assessment roll is not, under the statute, approved until the approval thereof by the state tax commission, after an inspection by the commission of the roll itself, has been certified to the board of supervisors and entered on its minutes.

This résumé of these decisions disclose that they all hold that an appeal will not lie from a decision of the board of supervisors as to the assessment of taxes until the assessment roll has been approved. The two last-cited cases further hold that when an order of the state tax commission, approving the recapitulation of the assessments of the various classes of property, is entered on the minutes of the board of supervisors the assessment roll is thereby so far approved as to permit an appeal therefrom to then lie. This last holding, if incorrect, which we do not mean to intimate, can work no harm or inconvenience for it does not cut off the right to an appeal after the approval of the roll at the November meeting of the board, and it is more than probable that, in the vast majority of cases, no further correction of the assessment roll will or could be made by the state tax commission after it has examined the assessment roll.

It was said in the Marathon Lumber Co. Case that no further corrections can be made in the assessment roll after the entry by the board of supervisors of an order of the state tax commission approving the recapitulation thereof, but this statement, as hereinbefore pointed out, is erroneous, was not necessary for the decision of that case, and is not here controlling.

In none of those cases was the question here under consideration, to-wit, the right to an appeal after the

entry on the minutes of the board of supervisors of the order of the state tax commission approving the assessment roll, presented for decision, except in the Wyoming Manufacturing Company case, which, as hereinbefore pointed out, did not negative such right.

Coming again to the case at bar, the decision at which the attorney-general was aggrieved is that rendered by the board of supervisors when it equalized the assessment roll at its August meeting, and the statute expressly grants the right to appeal therefrom—"within twenty days after the adjournment of the meeting of the board of supervisors at which the approval of the roll by the state tax commission is entered."

The appeal was taken within twenty days after the adjournment of the meeting at which the approval of the roll by the state tax commission was entered on the minutes of the board of supervisors, and consequently comes within the express language of the statute.

To hold that an appeal must be taken immediately after the meeting of the board of supervisors at which it enters the order of the state tax commission approving the recapitulation of the assessments of the various classes of property, and will not lie after the entry of the order of the state tax commission approving the assessment roll would cut off the taxpayer, the district attorney, and the attorney-general from appealing from any correction which the state tax commission might order to be made in the assessment roll after its approval of the recapitulation thereof. The statute did not so intend, and we cannot so hold.

Coming now to the second assignment of error we must hold that the order directing the sheriff and tax collector to pay commissions to the attorney-general should not have been included therein for the reason that, leaving out of view and expressing no opinion on the right of the attorney-general to such commissions, the order for the payment thereof in this judgment cannot bind the sheriff for the reason that he is not a party thereto, and

cannot bind the state and county for the reason that, while they are parties thereto in that they are represented by the attorney-general, nevertheless, the attorney-general cannot represent them in this particular matter because his interest therein is antagonistic to that of the state and county.

This order will be eliminated from the judgment, but in all other respects it will be affirmed.

*Affirmed.*

ETHRIDGE, J.

I dissent from the majority opinion. I think it is in direct conflict with the case of *Moller-Vonderboom Lumber Co. v. Board of Supervisors of Attala County,* 138 Miss. 289, 103 So. 81, and *Marathon Lumber Co. v. State,* 139 Miss. 125, 103 So. 798. Other cases hereafter referred to will show that the court has decided, in a number of cases, that an appeal will only lie from a final judgment, and these cases cited above directly adjudge that where the appeal was taken from the October meeting, where the order of the Tax Commission had been entered, the appeal was proper.

I specially dissent from that part of the opinion which holds that the tax commission can make further changes in the assessment roll, when the roll is made up and sent to it for its final approval after its orders to the board have been entered in accordance with the direction of the tax commission.

In the first case of *Moller-Vandenboom Lumber Co. v. Board of Supervisors of Attala County* 135 Miss. 249, 99 So. 823, the court in a well-considered and elaborate opinion, speaking through Judge ANDERSON, then a member of Division A, reviewed the various statutes, and at page 257 (99 So. 824) of the Mississippi report of that case, said:

"The provisions of the statutes necessary to consider in determining the question involved are section 81, Code of 1906 (Hemingway's Code, section 61), in connection

with sections 6, 7, 8, 9, and 10 of chapter 323 of the 1920
amendment to the Tax Commission Act (sections 7769d1
to 7769h1, inclusive, Hemingway's Supplement 1921).
The first section referred to is a rescript of section 4297,
Code of 1906 (Hemingway's Code, section 6931), down
to the beginning of the last sentence therein, by which
latter it is provided that, where an individual assessment
has been increased as much as five hundred dollars, no-
tice shall be sent by mail by the clerk of the board to the
person whose assessment is so increased. The next sec-
tion, which takes the place of section 4296, Code of 1906
(Hemingway's Code, section 6930), which latter is re-
pealed by the Tax Commission Act, provides that any
person who is dissatisfied with his assessment may at
such August meeting present objections thereto in writ-
ing 'which shall be filed by the clerk and docketed and pre-
served with the roll,' and that all persons who fail to file
objections shall be concluded by the assessment 'and pre-
cluded from questioning its validity *after its final ap-
proval by the board of supervisors or by operation of
law,* except minors,' etc. (Italics ours.) The next section
requires that not later than September 1st the board of
supervisors shall transmit to the state tax commission
two copies of the recapitulation of the assessments 'as
equalized' on forms to be prescribed by the tax commis-
sion. And the next section requires that within thirty
days after the receipt of such recapitulations of the as-
sessments from all the counties the chairman of the state
tax commission shall send instructions in accordance with
chapter 98, Laws of 1916 (Hemingway's Code, sections
7761 to 7769, inclusive), as to what percentage shall be
added or taken from the assessments of the various
classes of property on the rolls in order to establish an
equality of assessments throughout the state.''

The opinion then sets out the provisions of the Tax
Commission Law, and continues:

''It will be observed that section 81, Code of 1906
(Hemingway's Code, section 61), providing for appeals

from assessments for taxes, requires that such appeals shall be taken 'within five days after the adjournment of the meeting at which such decision is made.' It was held in *Madison County* v. *Frazier,* 78 Miss. 880, 29 So. 765, that an appeal would not lie under said section until the judgment of the board approving the assessment had become final, and that such an order was not final until the assessment roll had been approved and the board had adjourned. Certainly great confusion would result if two appeals were intended to be given the taxpayer, one from the interlocutory order entered at the August equalization meeting of the board and the other after the receipt of instructions from the state tax commission. On the other hand, to hold that there is no right of appeal in the taxpayer until after the action of the board of supervisors in carrying out the instructions of the state tax commission would protect both the interest of the public and the taxpayer and do no violence to any provision of the statutes involved. It seems there can be little question that no action taken by the board of supervisors prior to such instructions from the state tax commission in reference to assessments is final.''

It will be seen that this opinion directly adjudges that only one appeal can be taken. The concluding paragraph of the opinion reads as follows:

"*We hold that only the final order of the board of supervisors can be appealed from,* and that the grant of the right of appeal and the manner in which it is to be prosecuted are regulated and controlled by section 81, Code of 1906 (Hemingway's Code, section 61), and section 10 of chapter 323, Laws of 1920 (section 7769h1, Hemingway's Supplement 1921) construed together. From the Tax Commission Act it is apparent that no final adverse decision to the taxpayer can be made by the board *until its meeting at which the instructions of the state tax commission for horizontal increases or decreases are entered by the board of supervisors.*'' (Italics supplied.)

146 Miss.—8.

This decision was followed by the decision of the case of *Wilkinson County* v. *Foster Creek Lumber Co.*, 135 Miss. 616, 100 So. 2, in which I wrote the opinion for the court. It was also approved in the case of *Knox, Attorney-General,* v. *Wyoming Mfg. Co.*, 138 Miss. 249, 103 So. 11, although the appeal in that case was taken, as, a precautionary measure, from both the October meeting, at which the tax commission's orders were entered on the minutes, and the November meeting, when the tax roll had been approved by the tax commission and an order entered on the minutes of the board of supervisors showing the same.

In *Moller-Vonderboom Lbr. Co.* v. *Board of Supervisors,* 138 Miss. 289, 103 So. 81, Division A, speaking through Judge McGOWEN, held that the appeal lay from the order made by the board of supervisors as directed by the tax commission at the October meeting. In that case at the August, 1923, meeting of the board of supervisors of Attala county, a preliminary order was entered as to the assessment of taxes on the lands of the Moller-Vonderboom Lbr. Co., as well as other citizens, from which interlocutory order the Moller-Vonderboom Lbr. Co. prosecuted an appeal to the circuit court, which was dismissed therein, and the order of the lower court dismissing the appeal was affirmed by this court.

On October 3, 1923, the lumber company again presented its objection to the assessment of taxes to the board of supervisors of Attala county, and its objections were disallowed, though no final order, under section 10, chapter 323, of the Laws of 1920, was entered on that date. The final order approving the raise ordered by the tax commission, as provided for in section 10 of said act, was entered on the minutes on October 11, 1923. On October 6, 1923, the lumber company had its appeal bond approved by the clerk, and October 8, 1923, the lumber company again filed its appeal bond, and had same marked filed, referring to an appeal from the order of October 3, 1923. On the 13th day of October, 1923, the

lumber company had the appeal bond theretofore filed marked refiled by the clerk of the board of supervisors, and it appears to have been approved on October 6, 1923. The circuit judge dismissed the appeal of the lumber company because the bond was prematurely filed.

At page 294 (103 So. 81) of the Mississippi report of this case the court said:

"Adhering firmly to the opinion rendered by the court, then we are of the opinion here that the appellant attempted to appeal from the order of the board entered at the meeting of the board of supervisors which considered and entered the final order contemplated in section 10 of the above-named act, and that the preparation of the appeal bond in advance of the actual date of entry of said final order made at the same or an adjourned meeting of the board of supervisors, operates to appeal the case from the levy of assessment by the board of supervisors to the circuit court. . . .

"The difference between the case as presented here on this record and the case presented in *Moller-Vandenboom Lumber Co.* v. *Board of Supervisors,* 135 Miss. 249, 99 So. 823, is, in this case, an effort is being made to appeal from the final judgment of the board of supervisors, while in the latter case the effort was to appeal from an interlocutory order, and this court held that no appeal would lie under the general statute of appeals; neither would same lie under the special act (section 10, chapter 323, of the Laws of 1920).

"The appeal should not have been dismissed as the appeal bond in this case as filed on October 8, 1923, operated to effectually protect the appellant lumber company in its effort to appeal to the circuit court."

In *Marathon Lumber Co.* v. *State,* 139 Miss. 125, 103 So. 798, we followed this last case, saying at page 131 (103 So. 709) of the Mississippi report:

"In the recent case of *Moller-Vonderboom Lumber Co.* v. *Board of Supervisors of Attala County,* 138 Miss. 289, 103 So. 81, the court held that an appeal taken from

the order made in pursuance of the order of the tax commission by the board of supervisors was proper. In the former appeal in the same case (135 Miss. 249, 99 So. 823) the court held that an appeal would only lie from the final order, giving a construction to the statute which would limit appeals to the final order approving the assessment.

"When the board of supervisors at the August, 1924, meeting overruled the objections and entered the final order approving the rolls in the present case, directing that they be sent to the tax commission under the requirements of law for approval by the tax commission, and where the tax commission makes no order of change whatever, but approves the roll as made up, and this order of the tax commission is directed to be spread upon the minutes of the board of supervisors and is spread thereon, it is a final approval of the roll as far as the tax commission and board of supervisors are concerned, and it is not necessary for the board of supervisors thereafter in such case to make a separate order reapproving the assessment roll itself.

"If the tax commission orders a change, then the assessment is not complete until that change has been made and spread upon the minutes of the board of supervisors and approved by the board. The approval of the roll after such correction by the board would be necessary to show a conformity to the order of the tax commission. But where the tax commission approves without any change its order is the last step in the proceeding, and when its approval is spread upon the minutes of the board of supervisors, the assessment is complete, and the taxpayer may appeal therefrom to the circuit court."

At the time this case of *Marathon Lumber Co.* v. *State,* was decided, a number of other cases were decided involving the same question (*Du Bois Lbr. Co.* v. *State* [Miss.], 103 So. 800; *Eastman, Gardiner & Co.* v. *State* [Miss.], 103 So. 800; *Arthur J. Cox* v. *State,* 103 So. 800; *Gilchrist-Fordney Co.* v. *State* [Miss.], 103 So. 800; *Adams-Banks*

*Lbr. Co.* v. *State* [Miss.], 103 So. 800; *R. N. Day, Trustee,* v. *State* [Miss.], 103 So. 800), all of which cases, it was stated in memorandum opinions, were controlled by the Marathon Lbr. Co. case. So, in fact, the court has decided seven cases directly in conflict with the holding in the majority opinion in this case.

I think that a study of the powers of the tax commission under the act creating and defining its powers and duties, and the amendments thereto, shows that it was never contemplated that where the board entered the orders upon its minutes as directed by the tax commission, without change or revision, the tax commission when the roll was sent back for approval could make any additional changes. Its powers are exhausted when its first orders are made and placed upon the minutes of the board of supervisors in accordance with its direction. That constituties the assessment. The tax commission has no power to equalize taxes within a county as between individuals, but its functions are confined entirely to equalizing taxes between counties and seeing that the roll is made up so as to contain this equalization. When this has been done, it is the judgment of the assessing authorities assessing the taxes, and the statement in the Marathon Lumber Co. case, quoted above, is precisely correct.

HOLDEN, J.

I dissent from the affirming opinion, because I think that it is in conflict with the case of *Marathon Lumber Co.* v. *State,* 139 Miss. 125, 103 So. 798, and unless the latter case is overruled by this court, I see no way to avoid its application to the case at bar.

The Marathon case was supported by our prior decisions on the point and has been followed many times by this court since its rendition. If the decision in that case was wrong and is now doing harm, it should be overruled, but, until it is overruled, it is the duty of this court to follow it.

Therefore, as reluctant as I am to disagree with my Brethren who join in affirming this case, I am compelled to do so, for the reason that the question is *stare decisis.* Rules of law announced by a court, though some of them may have been erroneously decided, should be followed until and unless overruled by the court.

I also dissent from the view of the three affirming judges that the commission of fifteen per cent. should not be allowed to the attorney-general in the decree of the lower court. If the commission is due to the attorney-general for recovery "by suit or otherwise," then I see no good reason why the amount should not be allowed to him by the judgment of the court in which the recovery is had by the state.

ANDERSON, J., joins me in these views.