KNOX, ATTY.-GEN., *et al. v.* JEFFERSON DAVIS COUNTY.

(Division A.   Nov. 30, 1931.)

[137 So. 783.   No. 29558.]

Rush H. Knox, and E. C. Sharp, both of Jackson, and Hathorn & Williams, of Poplarville, for appellant.

**Cook, J.,** delivered the opinion of the court.

The appellee, Jefferson Davis county, filed its bill of complaint against Rush H. Knox, attorney-general, and R. R. Berry, tax collector of said county, and the Bank of Blountville, the county depository, seeking to enjoin the said tax collector from paying to the attorney-general certain commissions claimed by him for services rendered in certain successful tax assessment appeals. A demurrer to the bill of complaint was sustained, and the bill dismissed, and, upon appeal to this court from the decree so ordering, this action of the court below was reversed and the cause remanded, the opinion on that appeal being reported in 152 Miss. 578, 120 So. 572. Upon remand of the cause, it was heard upon the original and amended bills of complaint, answer, and oral and documentary evidence, and a decree was entered allowing the attorney-general a recovery of fifteen per cent. on the net increase in taxes collected as a result of a compromise of all pending appeals affecting the assessments of various taxpayers for the years 1923, 1924, 1926, and 1927, after deducting from the total increase

for the years 1923 and 1924 the total decrease for the years 1926 and 1927, and, from this decree, the attorney-general has appealed.

The averments of the bill of complaint, as amended, are sufficiently set forth in the first opinion rendered herein and referred to above, and will not be restated here. The proof offered at the hearing of the cause, and the facts found by the chancellor, do not substantially vary from the averments of the bills of complaint, and therefore the legal principles set forth in the former opinion are applicable to the facts and are controlling upon all points, except those hereinafter discussed.

The appellant contends that the court below was without jurisdiction to enjoin the judgments at law awarding him a recovery of fifteen per cent. of the total increase of taxes collected for the years 1923 and 1924, for the reason that the appellee had a full, adequate, and complete remedy in the actions at law, and was negligent in failing to present and protect its interests therein; and second, that since the appellee, acting through its private counsel, consented to the entry of the judgments at law awarding the appellant a recovery of commissions on the increase of taxes for the years 1923 and 1924, it is now estopped to seek to avoid these judgments.

We think these contentions are fully answered in the opinion of the court in the case of Edward Hines Yellow Pine Trustees v. State, 146 Miss. 101, 112 So. 12, wherein there was involved a similar order in a judgment approving and ordering an increase of an assessment for taxes, and wherein the court said: ''Coming now to the second assignment of error we must hold that the order directing the sheriff and tax collector to pay commissions to the attorney-general should not have been included therein for the reason that, leaving out of view and expressing no opinion on the right of the attorney-general to such commissions, the order for the payment thereof in this judgment cannot bind the sheriff for the reason that he is not a party thereto, and cannot bind the state and

county for the reason that, while they are parties thereto in that they are represented by the attorney-general, nevertheless, the attorney-general cannot represent them in this particular matter because his interest therein is antagonistic to that of the state and county." In addition to the statements quoted from the case last above mentioned, we may add that the right of the attorney-general to commissions on the total amount of the aforesaid increase in taxes, or the amount of such commissions, was not within any of the issues presented by the pleadings in the case then before the court, and therefore the order attempting to fix such commissions, and directing the tax collector to pay the same, was and is void, and the attempted enforcement of this void order may be enjoined. We think the decree of the court below is in all respects correct, and therefore it will be affirmed.

Affirmed.