The Mississippi River Ferry Company is incorporated under the laws of the state of Tennessee; its address being room 600, Bank of Commerce building, Memphis, Tennessee. It has offices in Vicksburg, Mississippi, however, and does its business between Vicksburg and the state of Louisiana, and also between different points wholly within this state. It had never paid any taxes either in Louisiana or Tennessee. The boat was registered for navigation purposes at Baton Rouge, Louisiana, but it had never been there, and engaged in no business at that point. The principal business of the corporation was operating a ferry between Vicksburg, Mississippi, and Delta Point, Louisiana. However, it ran some excursions up and down the river, from one point in Mississippi, returning to that point, the passengers remaining on the boat all the while. Its officers and its general business transactions were in Vicksburg, Mississippi. There was an annual stockholders' meeting in Tennessee, but no other business transactions were had in that state.
The Mississippi River Ferry Company owned, at all times, two boats, and part of the time three boats, which were used in its business.
The proof shows that, when the boats were not being *Page 190 
used, they were kept on the Louisiana side of the canal in front of Vicksburg, by the city requirements, to prevent an undue accumulation of vessels in front of the city.
In 1928 the tax assessor of Warren county assessed one of the boats owned by the appellee, the George W. Miller, for state and county taxes. The appellee protested this assessment before the board of supervisors at its August, 1928, meeting, but such protest was overruled, and an appeal was taken from this order overruling the protest to the circuit court, and was there undisposed of until 1932, when the circuit court entertained jurisdiction, and reversed the judgment of the board of supervisors.
In the meantime, the Mississippi River Ferry Company paid the taxes under the assessment, as required by law, pending appeal, claiming that such taxes were paid under protest, but the evidence of such protest does not appear in the record in writing. It seems from the argument that the taxes of 1928 were paid under protest under the general term "paid under protest," but this was not in the record, and is not shown on the tax receipt introduced in evidence.
After the rendition of the judgment of the circuit court, the Mississippi River Ferry Company, appellee here, presented an application to the state auditor and the attorney-general for a refund of the taxes so paid, which was approved by those officers. Thereupon the appellee filed an application with the board of supervisors of Warren county for a refund of the taxes so paid, which the board of supervisors refused to allow. Upon that refusal, suit was instituted in the circuit court to recover the taxes paid for 1928, 1929, and 1930. The circuit court rendered judgment for the amount of the taxes, with interest, from which this appeal is prosecuted.
The appeal was taken prior to the order of the state tax commission acting upon the assessment made by the board of supervisors of Warren county. We held in the *Page 191 
case of Moller-Vandenboom Lumber Co. v. Board of Supervisors of Attala County, 135 Miss. 249, 99 So. 823, that such an appeal could not be taken until there was a final order entered on the minutes of the board of supervisors approving the assessment; that all statutes were to be construed together upon the same subject, and, so construing, an appeal was not authorized in that case, and the appeal was dismissed upon a motion being made to dismiss upon that ground.
The same was held in the case of Wilkinson County v. Foster Creek Lumber Mfg. Co., 135 Miss. 616, 100 So. 2; State v. Wyoming Mfg. Co., 138 Miss. 249, 103 So. 11; Marathon Lumber Co. v. State, 139 Miss. 125, 103 So. 798, and was approved in Edward Hines Yellow Pine Trustees v. State, 146 Miss. 101, 112 So. 12. In Madison County v. Frazier, 78 Miss. 880, 29 So. 765, it was held that an appeal could not be taken from an order of assessing taxes until final judgment was entered.
Therefore the circuit court had no jurisdiction, on appeal, to try this case and reverse the order of the board of supervisors made at the August, 1928, meeting, having no authority to entertain such an appeal, and it was not competent for the parties representing the county to either consent or to waive the question. The county is only bound by the acts of its officers within the scope of their powers and duties.
The assessment made in 1928 still stands as a judgment and conclusive upon the parties.
It is contended here that the state is without power to tax vessels registered for navigation in Louisiana, and belonging to a Tennessee corporation, and that they were engaged in interstate commerce, and could not be taxed because it would be a burden upon interstate commerce.
The assessment here involved does not undertake to assess interstate commerce. The assessment is upon physical property engaged partly in interstate and partly in intrastate commerce. We think the board of supervisors *Page 192 
was warranted in holding that the boat was situated in Mississippi. The entire business of the company, as reflected in its situs, was in Vicksburg, Mississippi. The vessels were partly in Mississippi and partly in Louisiana; but the entire office force, business, etc., was located in the state of Mississippi. The company also had other boats which were not assessed, and it could not be contended that a fair portion of the property of the appellee was not assessable in Mississippi. The board of supervisors had the power, and was under the duty, to determine which property was situated in Mississippi, and all the facts warrant the finding that the company was domiciled, for business purposes, in Mississippi, and did no business outside of operating the ferry between Vicksburg, Mississippi, and Delta Point, Louisiana, except entirely in the state of Mississippi, and was taxable here.
It was the duty of the company to appeal from the order of the board of supervisors when the assessment became final, if appeal was desired, and, not having done so, it was bound by that judgment. This being true, it is unnecessary to decide the other questions presented by this record. The assessment being a valid assessment, it is immaterial whether the taxes were paid under protest or not, because, even if paid under protest, the judgment of assessment bound the appellee.
Property situated partly in one state and partly in another may be taxed in more than one jurisdiction. See cases in volume 8, United States Digest (L.C.P. Co. Ed.) title "Taxes," section 171. See, also, State v. Gulf, M. N.R. Co., 138 Miss. 70, 104 So. 689.
There being no appeal from the original assessment, and the company, appellee here, being bound by that assessment, the judgment of the circuit court directing a refund of the taxes was erroneous. The court should have dismissed the suit.
The judgment will be reversed, and the suit dismissed.
Reversed and dismissed. *Page 193