BOARD OF SUP'RS OF GREENE COUNTY *v.* KITTRELL.[*]

(Division B. April 2, 1928.)

[116 So. 431. No. 27052.]

*Corpus Juris-Cyc. References: Taxation, 37Cyc, p. 1119, n. 14.

*E. C. Sharp,* for appellant.

*J. W. Backstrom,* for appellee.

ETHRIDGE, P. J. This is an appeal by the county from a judgment of the circuit court reducing the assessment

as made by the board of supervisors against appellee's lands in said county.

It appears that certain lands known as "cut over" lands belonging to appellee were listed by him for assessment at two dollars per acre, and the board of supervisors, at the July, 1926, meeting, raised this assessment to three dollars and fifty cents per acre, and ordered notice published to notify taxpayers that objections to the roll, as corrected by the board of supervisors, would be heard at the August, 1926, meeting. At that meeting, appellee appeared and protested against the increase of his assessment on said property, and filed with the board a proposition to sell the entire amount of land for the sum of two dollars per acre to Greene county, or to any buyer that might be sent to the property owner. The board of supervisors refused to reduce the assessment, and, on the 9th day of October, 1926, the appellant filed a petition and bond, praying for an appeal from the assessment as made by the board of supervisors, stating in said petition that the board overruled his protest at the August, 1926, and the October, 1926, meetings of the board of supervisors, and that he desired to appeal to the circuit court. With this petition was filed, as Exhibit A, a list specifying lands on the assessment roll as given by the taxpayer, and as raised by the board of supervisors, but there was no order of the board of supervisors sent up with the record to show that the roll had been approved by the tax commission, and no order of the board of supervisors entered on the minutes of the board approving the roll as approved by the tax commission.

The case appears to have been tried in the circuit court without this question having been raised, and the circuit judge, trying the case without a jury, by consent of the parties, after hearing the evidence introduced by the property owner, which was to the effect that the property was not worth more than two dollars per acre, and

that he was willing to sell it all at and for that sum, reversed the board of supervisors and ordered the assessment reduced to two dollars per acre, as rendered by the taxpayer originally.

The point is here made by the appellant, through the attorney-general (who did not represent the county in the court below), that there is no judgment of the board of supervisors finally approving the roll, and that this judgment is jurisdictional, and appeal will not lie without a final judgment having been rendered approving the roll, after its approval by the tax commission.

In *Moller-Vanderboom Lumber Co.* v. *Board of Supervisors,* 135 Miss. 249, 99 So. 823, it was held that an appeal could not be taken until the order of the tax commission approving the assessment had become final, and, in the case of *Marathon Lumber Co.* v. *State,* 139 Miss. 125, 103 So. 798, the court said:

"If the tax commission orders a change, then the assessment is not complete until that change has been made and spread upon the minutes of the board of supervisors and approved by the board. The approval of the roll after such correction by the board would be necessary to show a conformity to the order of the tax commission."

We think the order of the board of supervisors approving the roll after its approval by the tax commission should be in the record, and that the present record does not show final judgment by the board of supervisors, making said assessment final.

We will not dismiss the appeal from the board of supervisors, but will reverse the cause and remand it to the circuit court, where the record may be perfected by obtaining the final judgment of the board of supervisors, and the tax commission's approval of the roll, should that be in existence.

*Reversed and remanded.*