## RUSSELL *v.* STATE.

(Division B. Oct. 12, 1936. Suggestion of Error Overruled Oct. 26, 1936.)

[170 So. 654. No. 32415.]

A. T. L. Watkins, of New Augusta, and W. F. Burdett, of Richton, for appellant.

**Webb M. Mize**, Assistant Attorney-General, for the state.

**Ethridge, P. J.**, delivered the opinion of the court.

Appellant, A. R. Russell, was indicted in Perry county on March 17, 1936, for giving a check to 'W. R. Hinton in the amount of twenty-eight dollars and eighty-five cents, falsely and knowingly representing to Hinton that he, appellant, had this amount of money in the bank, and that the check was good. By such representations, appellant purchased two cows from Hinton. The indictment charged that this check was given with fraudulent intent, and that appellant induced Hinton to accept it in the belief that it was good.

The appellant was tried upon this charge, convicted, and sentenced to serve one year in the penitentiary, from which this appeal is prosecuted.

It appears that A. R. Russell and L. H. Hessions went to the place of W. R. Hinton for the purpose of purchasing cattle, and negotiated for the purchase of two cows and two yearlings. The cows were butchered on the premises, and appellant gave to Hinton the check

for twenty-eight dollars and eighty-five cents therefor. Hinton's daughter was present, and asked appellant if the check was good, to which he replied that it was, and that he had plenty of money in the bank, and that the money could be procured from the check anywhere. Russell and Hessions carried the beef from Hinton's premises and sold it. Hinton deposited the check in the bank at Richton, and it was sent to the Citizens Bank at Hattiesburg, and was returned marked ''Insufficient funds.'' Thereafter, Hinton went to Hattiesburg and presented the check to the bank there in person, but payment was refused, and Hinton undertook to look up Russell, but was unable to find him, and he seems to have preferred charges against Russell and to have him arrested.

The check was dated October 14, 1935, at which time Russell had no account with the Citizens Bank, but in November of that year he opened a small account with said bank, but never at any one time, had the amount of twenty-eight dollars and eighty-five cents in said bank, and all the money he deposited in that bank was subsequently withdrawn.

Hinton testified that he believed Russell's representations, and thought the check was good, and parted with his property on the faith of it being good.

Russell testified, in his own behalf, and said that he knew he had twenty-four dollars in the bank at the time he gave the check; that he was in partnership with Hessions, and depended upon him to deposit sufficient money to cover the check, as Hessions was the financial partner of the business, and that Hessions collected for the beef sold, and attended to all the financial business.

There was a verdict for the state, and it is contended that Russell acted in good faith, and did not intend to cheat, but honestly thought the check would be paid when presented.

It was testified to by Hinton and his daughter that Russell, on being asked, represented that he had plenty of money in the bank, and that the check would be paid, and the proof shows that, at that time, he had no account with the bank.

The appellant complains of the refusal of instructions requested by him, to the effect that before the jury could find him guilty, they should believe, beyond a reasonable doubt, that he knew there was no probability of the check being paid, and if appellant did believe that the check would be honored, then the jury should return a verdict of not guilty. This instruction is not applicable to the facts of this case, because the appellant could not have acted in good faith in making the representations that he had plenty of money in the bank, when he did not have any, and never enough to pay the check, and that the check would be paid anywhere. There was no representation that Hessions would make the check good, or that Hinton was depending upon Hessions to take care of it. There was no error in the refusal of the instruction, and the evidence was ample to warrant the conviction.

During the trial, the appellant tendered a special bill of exceptions stating, in effect, that the district attorney said "any thief can make such excuses;" "a thief always finds an alibi," and other similar remarks. There is not a sufficient statement of the scope of the argument for use to tell whether it was proper or not. In order to put the court in error, there must be stated a sufficient part of the argument to show this court the language deemed improper. Another statement of the district attorney is that, "he lied to Mr. Hinton." The proof shows that appellant did misrepresent the facts to Mr. Hinton, and hence it was permissible for the district attorney to use such language. Abusive statements should not be made in the trial of a case, but there are times when transactions must be characterized

with vigor, and we cannot reverse for this alleged argument.

It is also contended by the appellant that the transaction shown was a misdemeanor and not a felony, and that the court below erred in sentencing him to the penitentiary.

This presents for consideration the question whether chapter 299, Laws 1932, repeals section 923, Code 1930. By comparing these, it will be found that chapter 299, Laws 1932, although not specifically repealing section 923, contains substantially the same language and elements of crime, but fixes the punishment for a misdemeanor and not a felony. It is not to be assumed that the Legislature intended to have two statutes upon the same subject, embracing the same elements of crime, and make the crime in one a misdemeanor, and in the other a felony. The rule is shown in the case of State v. Wyo. Mfg. Co., 138 Miss. 249, 103 So. 11, as follows: "Where the Legislature in a later act covers the entire scheme dealt with in former acts, the former act will be repealed by the later act, although there is some difference in the provisions of the two statutes. . . . M. & O. R. Co. v. Weiner, 49 Miss. [725] 739; Myers v. Marshall County, 55 Miss. [344] 347." In the course of the opinion in that case, it was said that, "As to the fifth ground of the motion to dismiss, we think the appeal was in time and that the appeal could not be taken until the order of the Tax Commission approving the roll as finally assessed was entered under the authority of Moller-Vandenboom Lbr. Co. v. Attala County [135 Miss. 249], 99 So. 823, and Wilkinson County v. Foster Creek Lbr. & Mfg. Co. [135 Miss. 616], 100 So. 2. . . . A statute existing may be repealed without being specifically and directly referred to, where the Legislature enacts a new statute covering the field covered by the former act, although there is some difference in the provisions of the two statutes. In the case of My-

ers v. Marshall County, 55 Miss. [344] 347, the rule is stated in the following language: 'We regard this act as a revision of the whole legislation on the subject of the fees of the officers embraced in it, and as precluding the assertion of any right on their part not given, or distinctly recognized, by the act. M. & O. R. Co. v. Weiner, 49 Miss. 725. ''A subsequent statute, not repugnant in its provisions to a former one, but clearly intended to prescribe the only rule in the case provided for, repeals the former statute.'' Swann v. Buck, 40 Miss. [268] 270.''' In the case of Mobile & O. R. Co. v. Weiner, supra, this court said that, ''The general rule is, that when any statute is revised, or when one statute is framed from another, some parts being omitted. the parts omitted, are to be considered as annulled. For it must be presumed that the legislature has declared its entire will, otherwise there must be imputed to them gross carelessness or ignorance. Sedgwick on Statutes, 429.''

We are, therefore, of the opinion that chapter 299, Laws 1932, repeals section 923, Code 1930.

It therefore follows that the court below was correct in convicting the appellant of the act denounced by chapter 299, Laws 1932, which is sufficiently charged in the indictment, but that it erred in imposing a penitentiary sentence. The judgment of conviction and the verdict rendered is affirmed, but the judgment imposing a penitentiary sentence is reversed, and the cause is remanded to the lower court for a proper sentence, under chapter 299, Laws 1932.

Affirmed in part, reversed in part, and remanded.