MOLLER-VANDENBOOM LUMBER CO. *v.* BOARD OF SUP'RS OF
ATTALA COUNTY*.

(Division A. April 28, 1924.)

[99 So. 823. No. 24002.]

TAXATION. *Tax laws should be construed together; when appeal from
approval of assessment rolls may be taken, stated.*

Section 81, Code of 1906 (section 61, Hemingway's Code), and sec-
tions 6, 7, 8, 9, and 10, chapter 323, Laws of 1920, an amendment
to State Tax Commission Act (section 7769d1 to 7769h1, inclu-
sive, Hemingway's Supplement 1921), are to be construed to-
gether in determining when a taxpayer aggrieved at a decision
of the board of supervisors as to his assessment for taxes has
the right of appeal to the circuit court, and, so construing said
statutes, *held,* that the order of the board of supervisors at its
August equalization meeting approving the assessment rolls is
not final, but only interlocutory, and there is no right of ap-
peal by the taxpayer until the final order of the board of super-
visors approving such rolls, and such final order cannot be en-
tered earlier than the meeting of the board at which the in-
structions of the state tax commission in reference to horizontal
increases and decreases in the assessments are required to be
carried out by the board; the time limit for the taking of such
appeals being prescribed by section 10, chapter 323, Laws of 1920
(section 7769h1, Hemingway's Supplement 1921).

*Headnote 1. Taxation, 37 Cyc, p. 1114.

APPEAL from circuit court of Attala county.

HON. T. L. LAMB, Judge.

Objections by the Moller-Vandenboom Lumber Company to increase of assessment by the board of supervisors of Attala county. Objections disallowed and appeal to the circuit court was dismissed, and the Lumber Company appeals. Affirmed.

*S. L. Dodd, Fulton Thompson, J. Harvey Thompson* and *Rob't H. Thompson,* for appellant.

The action of the circuit court sustaining the new motion and dismissing the appeal was necessarily a holding that the judgment of the board of supervisors appealed from was not a final judgment, because the State Tax Commission had not acted upon the judgment appealed from, or upon the assessment rolls of the county at the time the appeal was prosecuted. There is then but one question presented to this court and that is whether an appeal can be prosecuted from the judgment of the board of supervisors approving an assessment, under Code 1906, section 81, until the State Tax Commission shall have acted upon the assessment rolls of the county. We see nothing in the statute creating the State Tax Commission and giving it powers which repeal, either expressly or by implication, the right to appeal within five days after the rendition of the judgment of the board of supervisors or the adjournment of its term at which the judgment was rendered. It is perfectly manifest that it was not in the mind of the legislature to affect the right of appeal granted by section 81 of the Code.

It does not at all follow, because the State Tax Commission may make alterations and changes in assessments, that the appeal prosecuted in this case was prematurely prosecuted. The statute authorizes appeals and the right to appeal is not destroyed even if the judgment appealed from be interlocutory. Section 81 of the Code of 1906, grants an appeal as a matter of right to an

aggrieved taxpayer whose assessment has been raised by the board of supervisors. True the judgment of the board was a final one when section 81 was enacted, but a subsequent statute, even if it made the judgment an interlocutory one cannot and does not destroy the right to appeal from it.

.The statute, ch. 323, Laws of Miss. 1920, sec. 10, p. 454, giving taxpayers a right to appeal from a judgment of the board of supervisors raising their assessments in pursuance of general raises made by the State Tax Commission is an appeal from a different judgment from the one appealable under section 81, Code of 1906. The two appeals allowed are from different judgments. The two statutes are not conflicting and the one of 1920 does not repeal Code 1906, section 81.

Think of a case wherein the State Tax Commission made no changes or suggestion for changes in the assessment rolls of a county. A taxpayer could not appeal from an assessment in such case under the statute of 1920. An appeal under the act of 1920 would bring into review only orders made by the board of supervisors in pursuance of action taken by the State Tax Commission. An appeal under section 81 of the Code would bring into review only orders of the board of supervisors made before action on the assessment rolls taken thereon by the State Tax Commission. Had the Lumber Company, the appellant, failed to appeal under section 81 of the Code and had appealed under section 10 of the act of 1920, it could not have complained of the raises made in its assessments of which it complains because an appeal under the act of 1920 would not have involved raises made by the board of supervisors before the assessment rolls were acted upon or received by the State Tax Commission.

This case is entirely unlike *Madison County* v. *Frazier*, 78 Miss. 880. The material distinction between the Madison county case and the one at bar is that the order made in this case, denying the Lumber Company relief from the raises made by the board of supervisors in its assessments

and the order generally approving the rolls, were made at the same term, while in the Madison county case, Frazier undertook to appeal from an informal order made at the August term which was *in fieri* and not enforcible until after an order made at the September term. We think that the judgment of the circuit court is erroneous and should be reversed.

*James T. Crawley*, for appellee.

It is a well-established and well-settled rule that an appeal will not lie from an interlocutory order unless there is a statute expressly conferring that right and that power. It is my contention that the appeal that was prosecuted by Moller-Vanderboom Lumber Company from an order of the board of supervisors increasing their assessment, was premature. The act that created the State Tax Commission brought into existence a body that now acts as a state equalizer of property in so far as the different classes of property are concerned in different counties, with reference to taxation of that property.

That being true, the acts of the board of supervisors of the various counties throughout Mississippi at the August term each year in ordering increases in the various classes of property or increases in each individual assessment are not final. When the rolls are sent to the State Tax Commission for approval, or for inspection, and correction ordered, as provided for by section 8 of chapter 323, Laws of 1920, and section 9 thereof, respectively, they are immediately sent back to the board of supervisors of the county, and the board then, pursuant to the order of the State Tax Commission, proceeds to make the change as directed. This is an order that the board of supervisors are compelled to obey without discretion, or without any judicial authority on their part to refuse to make the change so directed. It may therefore be readily seen that the act of the board of supervisors in fixing Moller-Vanderboom Lumber Company's assessment and raising it at

the July meeting, and hearing the complaint at the August meeting, 1923, and ratifying the raise as made by the board is nothing more than a preliminary order, subject to review by the State Tax Commission. The State Tax Commission may change the order of the board of supervisors on such class of property and order the same raised or lowered. In either event, the purpose of the act would be destroyed and killed, were an appeal allowed before the order of the board of supervisors was approved by the State Tax Commission.

Suppose the courts hold that an appeal will lie from the initial order of the board of supervisors. If the appeal will lie to the circuit court, and the case is tried at the following term of court, and the court passes on the evidence offered in the trial and allows it to go to the jury, and the jury returns a verdict fixing the assessment of the firm in question, then there has been a judicial determination of the assessment in question. However, if the appeal is allowed from the initial order of the board of supervisors, this condition presents itself. Either this amount of assessment so determined is final, or it is not final. If it is final then it cannot be reviewed by the State Tax Commission, and the State Tax Commission therefore fails to perform the duties placed upon it by the statute. Now—if the decision is not final, then the decision of a circuit court is subject to review by the State Tax Commission. In other words, although the circuit court has said that this assessment as determined by it is the correct assessment, and that it is final until reversed by the supreme court of Mississippi for a new trial on its merits, or as to the valuation of the property, yet this decision of our courts is to be passed upon by the State Tax Commission, and the State Tax Commission will by an order of its own, change the assessment of the property as fixed by the circuit court, to suit itself. If the contention of the appellant is true, then that brings us face to face with this very question, and we must take one horn or the other of the dilemma that faces us.

It is our contention that section 6 of chapter 323, Laws of 1920, provides that the objection must be made at the August meeting, and presented in writing at that time, or no appeal will be permitted. That is to say, unless the objection is made in due form as prescribed by law, then at the final approval of the rolls of the county, the taxpayer will be estopped from questioning the correctness of the assessment. In 1920 the supreme court of this state rendered a very exhaustive opinion on the matter of the powers, rights, and limitations of the State Tax Commission in *Taylor, et al., County Supervisors* v. *State ex rel. Collins, Atty.-Gen.*, 83 So. 810. See, also, *State* v. *Wheatley*, 74 So. 431. In this decision the court held that "as to the class of property upon which the increase is ordered, there is no *final adjudication* until the local board has complied with the order of the state board." This being true, in my opinion this question has already been decided by our own supreme court, and there is nothing further to be argued.

*R. H. Thompson,* for appellant, in reply.

It was perfectly within the power of the legislature to grant an appeal from an interlocutory judgment as well as from a final one. It is true that when the Code of 1906 was adopted a judgment of the board of supervisors approving an assessment was a final judgment. If its character has since been changed by statute and such a judgment is now interlocutory, it does not follow that the appeal granted by section 81 of the Code has been taken away. Has the appeal granted by said section 81 been repealed by implication?

The rule in regard to repeals by implication is that a general statute without negative words will not repeal the particular provisions of a former statute unless the two statutes are irreconcilably inconsistent. In the case before us, certainly the later statute, counted upon by counsel for the appellee, can have some meaning, does

mean something, without taking away the appeal granted by section 81 of the Code. The truth is two separate appeals are granted, one by each of the statutes. Both can be given effect; and it does not follow because of imagined variant results that the legislative grant first given shall be destroyed. It is not true in this case that the later statute is clearly repugnant to the earlier one; nor is it apparent that the feature of the later statute granting an appeal was clearly intended to prescribe the only permissible appeal. If it be possible to reconcile the two statutes it must be done. The question always is whether the old and new statutes can stand together. If they can, there is no repeal by implication. That repeals by implication are not favored is well known.

All of the imaginary difficulties and inconsistent results presented by the appellee's attorneys in their brief cannot have the effect to repeal section 81 of the Code of 1906. The appeal therein granted cannot be denied if the grant remains in force, no matter how vivid the imagination of counsel may be in pointing out conditions which the legislature might have provided against. If the legislature has granted an appeal from such judgments as the one appealed in this case, the appeal is not to be destroyed because the judgment may have been made interlocutory. The legislature is as much empowered to grant appeals from interlocutory judgments as from final ones.

ANDERSON, J., delivered the opinion of the court.

Appellant, Moller-Vandenboom Lumber Company, returned its assessment of personal property, except lumber and other manufactured products to the tax assessor for taxation for the year 1923, fixing its value at six thousand three hundred and twenty-five dollars. The board of supervisors raised this assessment to ten thousand dollars, and also raised appellant's assessment on its "lumber and other manufactured products" from two thousand dollars as given in by appellant to twenty thousand dollars. Appellant appeared before the board of supervisors

at the time fixed by law, and filed objections to these increases of its assessments. The board heard the objections, disallowed them, and approved the assessments as raised. This order was made on a day of the regular August term, 1923, of the board. Within five days after the adjournment of the meeting of the board at which said order was made, appellant prosecuted this appeal to the circuit court. In the latter court appellee, board of supervisors, made a motion to dismiss the appeal on the ground that the order of the board appealed from was not final, but interlocutory. This motion was sustained, and the judgment accordingly entered from which appellant prosecutes this appeal.

The appellee's motion to dismiss the appeal was based on the contention that since the adoption of the State Tax Commission Act (chapter 98, Laws of 1916; sections 7761 to 7769, inclusive, Hemingway's Code; chapter 228, Laws of 1918; chapter 323, Laws of 1920; sections 7769a to 7769v1, Hemingway's Supplement 1921) there is no right of appeal from an order of the board of supervisors equalizing assessments until after action thereon by the State Tax Commission, and that such appeals are authorized and regulated by section 10 of the State Tax Commission Act (chapter 323, Laws of 1920; section 7769h1, Hemingway's Supplement 1921), and section 81, Code of 1906 (section 61, Hemingway's Code), construed together. On the other hand, appellant contends that under said statutes a taxpayer is given the right of appeal from the order of the board made at its equalization meeting held in August, although such order since the adoption of the State Tax Commission Act may be only an interlocutory order, and that he also has the right of appeal from the final order of the board under said section 10 of the Tax Commission Act.

The last act amendatory of the State Tax Commission Act, chapter 323, Laws of 1920, by express provision repeals sections 4260, 4261, 4263, 4280, 4291, 4293, 4296,

4298, 4307, 4308, 4309, of the Code of 1906 (sections 6893, 6894, 6897, 6914, 6925, 6927, 6930, 6932, 6941, 6942 and 6943, Hemingway's Code), and sections 1 and 2, chapter 98, Laws of 1916 (Hemingway's Code, sections 7761 and 7762).

The provisions of the statutes necessary to consider in determining the question involved are section 81, Code of 1906 (Hemingway's Code, section 61), in connection with sections 6, 7, 8, 9, and 10 of chapter 323 of the 1920 amendment to the Tax Commission Act (sections 7769d1 to 7769h1, inclusive, Hemingway's Supplement 1921). The first section referred to is a rescript of section 4297, Code of 1906 (Hemingway's Code, section 6931), down to the beginning of the last sentence therein, by which latter it is provided that, where an individual assessment has been increased as much as five hundred dollars, notice shall be sent by mail by the clerk of the board to the person whose assessment is so increased. The next section, which takes the place of section 4296, Code of 1906 (Hemingway's Code, section 6930), which latter is repealed by the Tax Commission Act, provides that any person who is dissatisfied with his assessment may at such August meeting present objections thereto in writing "which shall be filed by the clerk and docketed and preserved with the roll," and that all persons who fail to file objections shall be concluded by the assessment "and precluded from questioning its validity *after its final approval by the board of supervisors or by operation of law,* except minors," etc. (Italics ours.) The next section requires that not later than September 1st the board of supervisors shall transmit to the State Tax Commission two copies of the recapitulation of the assessments "as equalized" on forms to be prescribed by the Tax Commission. And the next section requires that within thirty days after the receipt of such recapitulations of the assessments from all the counties the chairman of the State Tax Commission shall send instructions in accordance with chapter 98, Laws of 1916 (Hemingway's Code, section 7761 to 7769, inclusive), as to

what percentage shall be added or taken from the assessments of the various classes of property on the rolls in order to establish an equality of assessments throughout the state. And the next section is in this language:

"When the board of supervisors shall receive the copy of the instruction from the State Tax Commission, they shall proceed to act in accordance with the instructions from the commission and shall, first, correct any errors, in their former equalization, and then shall apply the per cent, of increase or decrease as ordered by the State Tax Commission. And any taxpayer who feels aggrieved at the action of the board of supervisors in equalizing his assessments shall have the right of appeal, within five days after the adjournment of the meeting at which such equalization of assessments is made, or within five days after the adjournment of the meeting at which assessments are finally corrected in accordance with the instructions of the State Tax Commission, or within five days after the adjournment of the board of supervisors, at which the approval of the roll by the State Tax Commission is entered, at his option either, to the circuit court as now provided for by law, or to a board of arbitration."

It will be observed that section 81, Code of 1906 (Hemingway's Code, section 61), providing for appeals from assessments for taxes, requires that such appeals shall be taken "within five days after the adjournment of the meeting at which such decision is made." It was held in *Madison County* v. *Frazier*, 78 Miss. 880, 29 So. 765, that an appeal would not lie under said section until the judgment of the board approving the assessment had become final, and that such an order was not final until the assessment roll had been approved and the board had adjourned. Certainly great confusion would result if two appeals were intended to be given the taxpayer, one from the interlocutory order entered at the August equalization meeting of the board and the other after the receipt of instructions from the State Tax Commission. On the

other hand, to hold that there is no right of appeal in the taxpayer until after the action of the board of supervisors in carrying out the instructions of the State Tax Commission would protect both the interest of the public and the taxpayer and do no violence to any provision of the statutes involved. It seems there can be little question that no action taken by the board of supervisors prior to such instructions from the State Tax Commission in reference to assessments is final. This court so held in *State* v. *Wheatley,* 113 Miss. 555, 74 So. 427. The section of the statute copied above is not open to interpretation so far as this question is concerned. It expressly and plainly provides that after the recapitulation of the assessments have been sent to the State Tax Commission and by the latter returned to the board of supervisors, with instructions to increase or decrease, and at the meeting of the board of supervisors at which such instructions are required to be carried out, the board of supervisors *"shall first correct any errors in their former equalization"* (italics ours), and shall then apply the per cent. of increase or decrease as ordered by the Tax Commission. Nothing done before that with reference to equalizing assessments is final.

It is true that the taxpayer who is dissatisfied with his assessment under section 7 of chapter 323, Laws of 1920 (section 7769c1, Hemingway's Supplement 1921), is required at the said August equalization meeting to present his objections in writing to such assessment, which shall be filed with the clerk and docketed and preserved with the roll, and that all persons who fail to so file objections shall be precluded from questioning the validity of its final approval by the board or by operation of law. But there is no requirement that the taxpayer appeal from such assessment within five days of the adjournment of that meeting. The purpose of this provision was to bring to the attention of the board of supervisors at the earliest opportunity objections to the assessments made by the taxpayers.

We hóld that only the final order of the board of supervisors can be appealed from, and that the grant of the right of appeal and the manner in which it is to be prosecuted are regulated and controlled by section 81, Code of 1906 (Hemingway's Code, section 61), and section 10 of chapter 323, Laws of 1920 (section 7769h1, Hemingway's Supplement 1921) construed together. From the Tax Commission Act it is apparent that no final adverse decision to the taxpayer can be made by the board until its meeting at which the instructions of the State Tax Commission for horizontal increases or decreases are entered by the board of supervisors. And, furthermore, if the State Tax Commission order no horizontal increases or decreases of property, still any action of the board of supervisors taken theretofore with reference to equalization of assessments is not final.

*Affirmed.*