GRENADA BANK *v.* TOWN OF MOORHEAD.

(Division A. April 13, 1931.)

[133 So. 666. No. 29363.]

Forrest G. Cooper and Earl T. Thomas, both of Indianola, for appellant.

166

**Moody & Johnson,** of Indianola, and **J. B. Hughes,** of Moorhead, for appellees.

**McGowen, J.,** delivered the opinion of the court.

The town of Moorhead published the following notice: "Taxpayers will please take notice that the assessment

rolls both real and personal are now on file in the Clerk's office for the fiscal year 1929, and that the board of mayor and aldermen will at their next regular meeting to be held on Tuesday evening at 7:30 o'clock P. M., September 3rd, 1929, proceed to equalize and adjust the valuations of the property listed on said rolls, and all property owners are hereby given notice to examine the said rolls, and all property owners are hereby given notice to examine the said rolls after the board have passed on the valuations thereon, and if any complaints are to be made, they should be made at the October meeting of the board. Done by order of the board this the 6th day of August, A. D., 1929."

This notice, together with the affidavit of the city tax assessor as to the correctness of his roll, is in the record as a part of the assessment roll of the town of Moorhead, Miss.

On September 9th, as a part of the minutes of a recessed meeting, recessed from time to time from the beginning of the regular meeting on September 3, 1929, there appears a signed order relative to the assessment of the Grenada Bank, the effect of which order is that the board held that four items of real estate which the bank had assessed to itself as owner, in its return, the board declared to be the real estate of Morris Wells. The item, valuation, and raised valuation appears in the record.

The board also found that ten items of real estate returned by the bank as its real estate belonged to Paul Jones, and these items are set out in the order, with raises made by the board of mayor and aldermen, save in one instance; and the order strikes from the Grenada Bank real assessment eleven thousand six hundred and twenty dollars, and directs that the said amount be added to the capital and surplus of the said bank; and the order concluded in this language: "It is further ordered by the board that all of the above mentioned property

as rendered on the assessment of the aforesaid Grenada Bank, and shown on the records of Sunflower county, Mississippi, as being the property of the aforesaid Morris Wells, and Paul Jones, be, and the same is hereby, raised in valuation as shown in red ink on the original assessment roll of real estate for the town of Moorhead, Mississippi, for the year 1929, to a valuation as equal to the assessed valuation of other property adjoining the same, as shown on the real estate assessment roll for the town of Moorhead, Mississippi, now on file in the Clerk's office. So ordered this the 9th day of September, A. D., 1929. J. J. Henry, Mayor.''

And on the same date the board passed another order, which recites that the board of mayor and aldermen of the town of Moorhead, Sunflower county, Mississippi, adjudicated that all the property, real and personal, within the corporate limits of the said town, had been duly and legally assessed, and that the roll had been filed by the tax assessor, as required by law. There then appears, as a part of the order, the following, which we quote:

''Whereas, it appears to the mayor and board of aldermen of said town, that notice was given by the clerk and tax collector of said town, that a regular meeting of the mayor and board of aldermen of the town of Moorhead, Sunflower county, Mississippi, to be held in the mayor's office at the city hall in said town on the first Tuesday night in September, A. D., 1929, at 7:30 o'clock P. M., objections to said assessment rolls will be heard and determined, and that the mayor and board of aldermen will equalize said assessment rolls, and will increase or diminish the valuation of property as assessed for taxation so that property of the same value shall be assessed for an equal sum, and all persons who failed to file as required by law will be concluded by the assessment, and

"Whereas, it appears to the mayor and board of aldermen that notice of said meeting was given for more than ten days prior to the third day of September, 1929, by publishing a notice thereof in the Moorhead Times, a weekly newspaper published in the town of Moorhead, Sunflower county, Mississippi, and this being the time and place, for the equalization and adjustment of said assessment rolls, and the board having examined the assessment rolls, and equalized the assessed valuation of property assessed therein, and all corrections having been made:

"It is, therefore, ordered that the assessment rolls, both real and personal, for the year 1929, be, and they are hereby adopted and approved.

"There being no further business coming to the attention of the Board at this time, it was moved and carried that the board do now adjourn until its next regular court in course.

"J. J. HENRY, Mayor."

The Grenada Bank, feeling aggrieved by this action of the board, on the 15th day of September, 1929, filed its appeal bond in accordance with section 62 of the Code of 1930, appealing from the decision to the next term of the circuit court.

On Tuesday, October 1, 1929, at the regular monthly meeting of the board of mayor and aldermen of the town, the mayor and board approved the minutes of the last regular and recessed meeting, and, among the other orders, passed the following: "In re: Tax levy for the fiscal year 1929. This being the final date as advertised in the Moorhead Times for the filing of objections to the assessment rolls for the year 1929, as equalized and adjusted by the board of aldermen of the town of Moorhead, Mississippi, and no one appearing in person or by attorney to file any objections thereto; the assessment rolls both real and personal now on file in the office of the clerk of the town of Moorhead, Mississippi,

were finally approved and adopted, and the following order fixing the tax rates for the said town of Moorhead for the year 1929 was unanimously adopted, to-wit: (Here follows irrelevant matter.) So ordered, this the 1st day of October, A. D., 1929.'' (Then follows the adjournment.)

On February 1, 1930, subsequent to the date of filing the appeal bond, the Grenada Bank paid the taxes in accordance with the assessment appealed from, and its receipts therefor are in the record, each being marked ''Paid under protest by the Grenada Bank.''

On the second Monday of September, 1930, the regular term of court was convened for that county, and the appellee made a motion to dismiss the appeal on two general grounds: First, that the order of September 9th was interlocutory and not final, and no appeal would lie therefrom, the final order being the order set forth above, as of date October 1, 1929. Second, that the question now before the court is moot, because on February 1st all taxes were paid, after the appeal bond had been filed.

The court below sustained this motion, and dismissed the appeal, without hearing it on its merits.

From the judgment of the court dismissing its appeal, the Grenada Bank, appellant, prosecutes an appeal here.

First, was the appeal prosecuted from the judgment order in due time moot and academic, because, after the filing of the appeal, and while the appeal from an assessment of taxes was pending in the circuit court, the appellant paid its taxes under protest? We think not.

It is urged by appellee that the circuit court, on appeal, could not enter a judgment ordering a refund of the taxes erroneously assessed and paid. This is quite true, and is so held in Lauderdale County v. Citizens' National Bank, 119 Miss. 165, 80 So. 530. It is further urged that there appears no statute as to assessments by municipalities, such as is found in section 3180 of

the Code of 1930, with reference to appeals from assessments made by the board of supervisors. This is quite true, but we do not see that it has any bearing upon the question here presented. Under the last-cited section, a taxpayer aggrieved, and appealing from an assessment, is required to pay his taxes, and the payment does not affect the appeal of the case. But section 2591 of the Code of 1930 not only authorizes a refund of taxes erroneously paid by the governing body of all municipalities, but directs that it shall be done. So that the order of the circuit court, in the event it had ascertained that the assessment of the appellant's property for taxes was erroneous when certified to the municipality, would have been authority upon which the appellant could have presented, and had allowed, his claim for a refund of taxes erroneously assessed; and exactly the same result is reached in an appeal from the governing body of a municipality as from the decision of the board of supervisors.

However, the matter is set at rest in the case of Currie v. Bennett, 111 Miss. 228, 71 So. 324, in which this court held that it was well settled in this state that a defendant against whom a money judgment had been rendered had the right to pay the same, and thereafter appeal to the Supreme Court. The payment of the assessment under protest does not prevent the appellant from prosecuting his appeal from an erroneous assessment. See Gordon v. Gibbs, 3 Smedes & M. 473; also 3 C. J. 678.

It is not open to dispute that the assessment for taxes is a judgment rendered for money to be paid, as well as fixing a lien on the property.

Second, the appellee insists that the appeal filed by the Grenada Bank on September 15th was premature, and relies mainly on the language of the notice, which we have set out in full. The judgment rendered by the municipal board on September 9th was as full, complete, and final as the one entered on October 1st. The

notice is peculiar, but the statute on the subject is not. Section 2582 of the Code of 1930 is as follows: ''The mayor and board of aldermen of a city, town, or village, may, at a regular or special meeting, to be held in September or October in each year, increase or diminish the valuation of property as assessed for taxation. Ten days' notice of the meeting at which such changes are to be made shall be given by posting written notices thereof in five or more public places in the municipality, and in cities the notice shall also be published in a newspaper, if there be one published therein. Any person aggrieved by the action of the mayor and board of aldermen may appeal therefrom to the circuit court as in other cases of appeal, and the same shall be tried de novo in the circuit court.''

It will be observed from that portion of this statute which we have quoted that the notice should invite the taxpayer to attend the meeting at which changes in the assessment are to be made. We imagine that a taxpayer who appeared after the equalizing authority had completed its work, and made up its record, would have that increased burden placed upon him in presenting his objections to the assessment. In other words, he would find that the court had already made up its mind and entered its order.

This setting forth of the order entered on the 9th of September with reference to the appellant's assessment illustrates more forcibly than anything we could say that the decision was final and complete, and nothing was left to be done. To appeal from that order was permissible. For instance, suppose that on October 8th the governing authorities of Moorhead had met and again declared its approval of the assessment roll; then, if appellee is correct, he could contend that the orders of September 9th and October 1st were not final, but were interlocutory. The order of September 9th was final and conclusive, and was a decision from which a

party feeling aggrieved might properly appeal; and it was error for the court below to dismiss this appeal. The matter should have been heard on its merits.

There is considerable argument in the brief of counsel as to whether or not the order is void, which we have not considered, for the reason that it is our view that the merits of the appeal are not now before us, and on those questions raised in the briefs we express no opinion.

Reversed and remanded.