# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-IA-00149-SCT

**BOARD OF SUPERVISORS OF CLARKE
COUNTY, MISSISSIPPI**

*v.*

**BTH QUITMAN HICKORY, LLC**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/13/2017 |
| TRIAL JUDGE: | HON. LESTER F. WILLIAMSON, JR. |
| TRIAL COURT ATTORNEYS: | WILLIAM W. SIMMONS |
| | ELLIOTT H. CLARK |
| | RICHARD G. NORRIS, II |
| | GREG SNOWDEN |
| COURT FROM WHICH APPEALED: | CLARKE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | RICHARD G. NORRIS, II |
| | GREG SNOWDEN |
| ATTORNEYS FOR APPELLEE: | NONE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 10/18/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., COLEMAN AND MAXWELL, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     BTH Quitman Hickory, LLC, challenged the amount of the *ad valorem* taxes assessed by the Clarke County Board of Supervisors by appealing the assessments to the Clarke County Circuit Court. However, BTH Quitman did not submit a bond with its appeals; therefore, the Board of Supervisors moved to dismiss the appeals. The circuit court found in favor of BTH Quitman, and the Board filed the instant interlocutory appeal. Because the

Court has squarely addressed a similar issue in its opinion in *Natchez Hospital Co., LLC v.*

*Adams County Board of Supervisors*, 238 So. 3d 1162 (Miss. 2018), we reverse the circuit

court's judgment and remand the case for the circuit court to dismiss BTH Quitman's case

for lack of subject matter jurisdiction.

## FACTS AND PROCEDURAL HISTORY

¶2.     BTH Quitman owns a torrefaction and wood-pellet facility located in Quitman

County, Mississippi.  According to the Board,

> In order to induce BTH [Quitman] to build its facility in Clarke County, the
> Board entered an Inducement Agreement with BTH [Quitman], exempting
> BTH [Quitman] from all ad valorem taxes that would otherwise be due . . . .
> As a result of the agreement, BTH [Quitman] made significant investment in
> equipment . . . but has only had to pay approximately [four percent] of the
> equipment's assessed value each year in ad valorem taxes.

In 2016, the Board's appraisal estimates for BTH Quitman's four pieces of equipment totaled

$62,273,746.  Unhappy with the valuation, BTH Quitman requested a reduction from

$62,273,746 to $10,000,414.  The Board did reduce the assessment from $62,273,746 to

$48,068,654.  After the Mississippi Department of Revenue approved the Board-submitted

tax rolls, the Board then gave its final approval of the tax rolls.

¶3.     BTH Quitman filed four complaints[1] in the circuit court challenging the assessment.

However, BTH Quitman did not file a bond with its complaints, so the Board moved to

dismiss the appeals for lack of jurisdiction.  The circuit court found in favor of BTH

Quitman, holding that Mississippi Code Section 27-35-119(2) did not include a bond

---

[1] Each of the complaints dealt with an individual piece of property subject to the assessment because each piece had separate Personal Property Identification Numbers issued.  The complaints were consolidated later.

2

requirement in order to appeal the assessments. The Board petitioned the Court for interlocutory review, which the Court granted in March 2017.

¶4.     On appeal, the Board framed the issue as follows:

> The question at issue in this appeal is one of statutory interpretation which affects the limited appellate jurisdiction of the Circuit Court. Specifically, [Section] 27-35-119(2) states: "Any taxpayer who feels aggrieved at the action of the board of supervisors in equalizing his assessments shall have the right of appeal to the circuit court in the manner provided by law, within twenty (20) days after the date the notice is mailed as provided for in subsection (1) of this section." The issue can be stated very simply: What is "the manner provided by law" governing the procedures by which the taxpayer must file its appeal under [Section] 27-35-119(2)? Or rephrased: "Do the procedural requirements of Mississippi Code [Section] 11-51-77, which deal specifically with the procedure for appeals from the assessment of taxes rendered by a county board of supervisors, provide the 'manner by law' by which a taxpayer must appeal under Mississippi Code [Section] 27-35-119(2)?"

## ANALYSIS

¶5.     The Court reviews jurisdictional issues utilizing the *de novo* standard of review. *Miss. Transp. Comm'n v. Eng'g Assocs.*, 39 So. 3d 1, 2 (¶ 3) (Miss. 2010). Additionally, statutory interpretation is a question of law subject to *de novo* review. *Tellus Operating Grp., LLC v. Texas Petroleum Inv. Co.*, 105 So. 3d 274, 278 (¶ 9) (Miss. 2012).

¶6.     The statutes at issue in the present appeal are, first, Section 27-35-119(2), which provides,

> Any taxpayer who feels aggrieved at the action of the board of supervisors in equalizing his assessments shall have the right of appeal to the circuit court in the manner provided by law, within twenty (20) days after the date the notice is mailed as provided for in subsection (1) of this section.

Miss. Code Ann. § 27-35-119(2) (Rev. 2017). Second, Section 11-51-77 provides, in pertinent part,

3

> Any person aggrieved by a decision of the board of supervisors or the municipal authorities of a city, town or village, as to the assessment of taxes, may, within ten days after the adjournment of the meeting at which such decision is made, appeal to the circuit court of the county, upon giving bond, with sufficient sureties, in double the amount of the matter in dispute, but never less than One Hundred Dollars ($100.00), payable to the state, and conditioned to perform the judgment of the circuit court, and to be approved by the clerk of such board, who, upon the filing of such bond, shall make a true copy of any papers on file relating to such controversy, and file such copy certified by him, with said bond, in the office of the clerk of the circuit court, on or before its next term.

Miss. Code Ann. § 11-51-77 (Rev. 2012). According to the Board, the circuit court erred in finding in favor of BTH Quitman by concluding that Section 27-35-119(2) does not include the bond requirement found in Section 11-51-77 when the Legislature included the language "in the manner provided by law" in the statute. The circuit court thought it "incongruous to pull a bond requirement from [Section] 11-51-77" when Section 27-35-119 itself contained no such requirement. The Board argues that, because Section 11-51-77 sets forth the general process of appealing a board of supervisors' tax assessment, it follows that Section 11-51-77, specifically the bond requirement, also is applicable to the instant tax appeal of a decision made by a board of supervisors.

¶7. In support of its position, the Board cites the case of *Lenoir v. Madison County*, 641 So. 2d 1124 (Miss. 1994). Though *Lenoir* involved a bill of exceptions issue,[2] the Court held that Section 11-51-77 "governs appeals to the circuit court from decisions of the county

---

[2] According to the Court, "[t]he issue on appeal poses a question of law—whether filing a complaint with the Circuit Court of Madison County vested that court with subject matter jurisdiction over issues regarding tax assessments, or whether a bill of exceptions was required to be filed with the circuit court as a prerequisite to acquisition of subject matter jurisdiction." *Lenoir*, 641 So. 2d at 1126.

board of supervisors regarding tax matters[.]" *Id.* at 1125. Additionally, the Board heavily relies upon *Moller-Vonderboom Lumber Co. v. Board of Supervisors of Attala County*, 138 Miss. 289, 103 So. 81 (1925), which the Court recently cited, thoroughly discussed, and applied in *Natchez Hospital*, 238 So. 3d at 1165-6 (¶¶ 10-12, 14).

¶8. The Board did not have the benefit of the Court's opinion in *Natchez Hospital* as it had not handed down at the time the briefs in the instant case were submitted; however, our analysis and holding in *Natchez Hospital* are directly on point and controlling. Though the facts of *Natchez Hospital* are slightly different, the Court's opinion analyzes the interaction of Section 11-51-77 and Section 27-35-119(2); and the Court made clear in its holding that "[a] taxpayer who chooses to appeal a tax assessment, or equalization of his tax assessment [pursuant to Section 27-35-119], must comply with Section 11-51-77." *Id.* at 1166 (¶ 14). Thus, BTH Quitman was required to post a bond in order to appeal the tax assessments, and BTH Quitman's failure to post a bond deprives the circuit court of jurisdiction to hear the appeal.

## CONCLUSION

¶9. As the Court held in *Natchez Hospital*, in construing Sections 27-35-119(2) and 11-51-77, a party appealing an assessment of taxes is required to post a bond, and the failure to do so divests the circuit court of subject matter jurisdiction over the appeal. Therefore, because the circuit court lacked subject matter jurisdiction, we reverse the circuit court's judgment in favor of BTH Quitman and remand the case for the circuit court to dismiss BTH Quitman's appeals.

¶10.   **REVERSED AND REMANDED**.

     **WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., KING, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**