# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-IA-01775-SCT

*LINDA P. BATTISE*

*v.*

*SHEILA AUCOIN*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/08/2019 |
| TRIAL JUDGE: | HON. JENNIFER T. SCHLOEGEL |
| TRIAL COURT ATTORNEYS: | WILLIAM W. DREHER, JR. |
| | GEORGE SCANLAN BLAIR |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM W. DREHER, JR. |
| ATTORNEY FOR APPELLEE: | GEORGE SCANLAN BLAIR |
| NATURE OF THE CASE: | CIVIL - CUSTODY |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 02/11/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., BEAM AND ISHEE, JJ.**

**BEAM, JUSTICE, FOR THE COURT:**

¶1.     A paternal grandmother filed a petition for visitation rights of her granddaughters after her son died.  The mother of the children filed a motion to dismiss or to stay the proceedings until her attorney's fees were paid.  The chancellor awarded the mother her attorney's fees to be paid in advance of the hearing, and the grandmother appealed.

## FACTS AND PROCEDURAL HISTORY

¶2.     Linda Battise is the mother of Joseph Aucoin, who is deceased. Joseph and Sheila Aucoin were married and had two daughters.  After Joseph's death, Sheila began restricting

Linda's visitation with the children because Linda was not abiding by Sheila's parental decisions.

¶3. Linda petitioned the Hancock County Chancery Court for grandparent visitation under Mississippi Code Section 93-16-3(1) (Supp. 2020). On June 11, 2019, Linda's counsel presented the petition. The chancellor encouraged the parties to confer because Sheila made some statements showing that they could come to a visitation agreement without court involvement.

¶4. Linda and Sheila reached an agreement; however, the chancellor declined to sign the agreed order. The chancellor advised Sheila to retain an attorney because she did not believe that Sheila fully understood the implications of the agreement. Furthermore, the chancellor told Sheila that she was entitled to attorney's fees.

¶5. On June 20, 2019, Sheila hired an attorney and filed a motion to dismiss or stay proceedings until fees were paid in advance. Simultaneously, Linda filed a motion to recuse the chancellor. The motions were heard on August 15, 2019. The chancellor denied Linda's motion to recuse and ordered Linda to pay $3,500 to Sheila for attorney's fees within thirty days or else she could not proceed with her case.

¶6. Linda appeals, arguing that (1) the chancellor erred by requiring her to prepay attorney's fees to Sheila before Linda's case could be heard; (2) the chancellor erred by not entering a final judgment; and (3) the chancellor erred by not recusing.

**DISCUSSION**

I. **Whether the chancellor erred by requiring Linda to pay Sheila's attorney's fees in advance.**

2

¶7. Linda contends that the chancellor erred as a matter of law by requiring her to pay Sheila attorney's fees before her case could be heard. Linda does not dispute that "[a]n award of attorney's fees in domestic cases is largely a matter entrusted to the sound discretion of the trial court." *Zeman v. Stanford*, 789 So. 2d 798, 806 (Miss. 2001) (citing *Poole v. Poole*, 701 So. 2d 813, 819 (Miss. 1997)). Rather, she alleges that Mississippi Code Section 93-16-3(4) (Supp. 2020) does not apply to her petition and violates her constitutional rights under sections 24 and 25 of article 3 in the Mississippi Constitution.

¶8. Section 93-16-3 states as follows**:**

(1) Whenever a court of this state enters a decree or order awarding custody of a minor child to one (1) of the parents of the child or terminating the parental rights of one (1) of the parents of a minor child, or whenever one (1) of the parents of a minor child dies, either parent of the child's parents may petition the court in which the decree or order was rendered or, in the case of the death of a parent, petition the chancery court in the county in which the child resides, and seek visitation rights with the child.

(2) Any grandparent who is not authorized to petition for visitation rights pursuant to subsection (1) of this section may petition the chancery court and seek visitation rights with his or her grandchild, and the court may grant visitation rights to the grandparent, provided the court finds:

(a) That the grandparent of the child had established a viable relationship with the child and the parent or custodian of the child unreasonably denied the grandparent visitation rights with the child; and

(b) That visitation rights of the grandparent with the child would be in the best interests of the child.

(3) For purposes of subsection (2) of this section, the term "viable relationship" means a relationship in which the grandparents or either of them have voluntarily and in good faith supported the child financially in whole or in part for a period of not less than six (6) months before filing any petition for visitation rights with the child, the grandparents have had frequent visitation

3

including occasional overnight visitation with said child for a period of not less than one (1) year, or the child has been cared for by the grandparents or either of them over a significant period of time during the time the parent has been in jail or on military duty that necessitates the absence of the parent from the home.

(4) *Any petition for visitation rights under subsection (2)* of this section shall be filed in the county where an order of custody as to the child has previously been entered. If no custody order has been entered, then the grandparents' petition shall be filed in the county where the child resides or may be found. *Upon a showing of financial hardship for the parents, the court shall on motion of the parent or parents direct the grandparents to pay reasonable attorney's fees to the parent or parents at any time, including before a hearing, without regard to the outcome of the petition.*

Miss. Code. Ann. § 93-16-3 (Supp. 2020) (emphasis added).

¶9.    First, we find that Linda is procedurally barred from raising, for the first time on appeal, that Section 93-16-3(4) violates her rights to open courts (article 3, section 24) and access to courts (article 3, section 25) of the Mississippi Constitution. This issue is waived because she did not raise it at trial. ***Anderson v. LaVere***, 136 So. 3d 404, 410 (Miss. 2014) (citing ***Flagstar Bank, FSB v. Danos***, 46 So. 3d 298, 311 (Miss. 2010)).

¶10.    Second, Linda argues that subsection (4) of Section 93-16-3 is inapplicable to a petition filed under subsection (1) of Section 93-16-3. Linda avers that the difference between subsections (1) and (2) is critical. Under subsection (1), the grandparent's child has died and under subsection (2) both parents are alive. Linda argues that because grandparents under subsection (2) are essentially suing their own children, subsection (4) is in place to make grandparents pay for the litigation that is essentially a family squabble.

¶11.    "[S]tatutory interpretation is a question of law subject to *de novo* review." ***Bd. of Supervisors of Clarke Cnty., Miss. v. BTH Quitman Hickory, LLC***, 255 So. 3d 1261, 1262

4

(Miss. 2018) (citing ***Tellus Operating Grp., LLC v. Tex. Petroleum Inv. Co.***, 105 So. 3d 274, 278 (Miss. 2012)). "This Court has held that '[s]tatutory interpretation is appropriate when a statute is ambiguous or silent on a specific issue.'" ***HWCC-Tunica, Inc. v. Miss. Dep't of Revenue***, 296 So. 3d 668, 673 (Miss. 2020) (quoting ***Lewis v. Hinds Cnty. Cir. Ct.***, 158 So. 3d 1117, 1120 (Miss. 2015)). "Where a statute is unambiguous, the Court must apply the statute according to its plain meaning, refraining from principles of statutory construction." ***OXY USA, Inc. v. Miss. State Tax Comm'n***, 757 So. 2d 271, 274 (Miss. 2000) (citing ***City of Natchez v. Sullivan***, 612 So. 2d 1087, 1089 (Miss. 1992)). Here, the statute is unambiguous.

¶12. Based on the plain language of the statute, the fee requirement in subsection (4) only applies if the petition is filed under subsection (2). Here, Linda sought visitation under subsection (1), which allows for grandparents to petition the court for visitation of their grandchildren in the case of the death of a parent. Linda was seeking visitation of her grandchildren after her son, the children's father, died.

¶13. Subsection (1) does not provide for the award of attorney's fees before a hearing. The chancellor erroneously relied on the language of subsection (4), which only referenced visitation rights sought under subsection (2). Subsection (2) specifically reads, "[a]ny grandparent *who is not authorized to petition for visitation rights pursuant to subsection (1)* of this section may petition the chancery court and seek visitation rights with his or her grandchild . . . ." Miss. Code Ann. 93-16-3(2) (emphasis added).

¶14. Subsection (4) reads:

*Any petition for visitation rights under subsection (2)* of this section shall be filed in the county where an order of custody as to the child has previously been entered. . . . *Upon a showing of financial hardship for the parents, the court shall on motion of the parent or parents direct the grandparents to pay reasonable attorney's fees to the parent or parents at any time, including before a hearing, without regard to the outcome of the petition.*

Miss. Code. Ann. § 93-16-3(4) (emphasis added).

¶15. As such, the chancellor erred by finding that subsection (4) of section 93-16-3 applied and by ordering Linda to prepay Sheila's attorney's fees in advance of the chancellor's hearing Linda's petition for visitation rights.

**II.     Whether the chancellor erred by not entering a final judgment.**

¶16. The "[f]ailure to cite relevant authority obivates the appellate court's obligation to review such issues." ***Arrington v. State***, 267 So. 3d 753, 756 (Miss. 2019) (internal quotation marks omitted) (quoting ***Byrom v. State***, 863 So. 2d 863, 853 (Miss. 2003)). Because Linda does not cite any authority to support her position, we find that she has waived this issue.

**III.     Whether the chancellor erred by not recusing.**

¶17. After the first hearing, Linda filed a motion to recuse the chancellor because the chancellor made statements that Linda believed showed partiality to Sheila. According to Linda, the chancellor encouraged the parties to confer. When they returned with an agreed judgment, the chancellor stated she thought Sheila needed counsel and further advised Sheila

that she was entitled to attorney's fees from Linda.[1] Linda contends that the chancellor was acting as Sheila's advocate.

> The law surrounding the recusal of a judge in Mississippi is well settled. Under Canon 3 of the Code of Judicial Conduct, an appellate court, in deciding whether a judge should have disqualified himself from hearing a case uses an objective standard. "A judge is required to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." **Jenkins v. Forrest County Gen. Hosp.**, 542 So. 2d 1180, 1181 (Miss. 1988). "The decision to recuse or not to recuse is one left to the sound discretion of the trial judge, so long as he applies the correct legal standards and is consistent in the application." **Collins v. Joshi**, 611 So. 2d 898, 902 (Miss. 1992). This Court presumes that a trial judge is qualified and unbiased, and this presumption may only be overcome by evidence which produces a reasonable doubt about the validity of the presumption. **Bredemeier v. Jackson**, 689 So. 2d 770, 774 (Miss. 1997). When a judge is not disqualified under the constitutional or statutory provisions the decision is left up to each individual judge and is subject to review only in a case of manifest abuse of discretion. **Buchanan v. Buchanan**, 587 So. 2d 892, 895 (Miss. 1991).

**Tubwell v. Grant**, 760 So. 2d 687, 689 (Miss. 2000).

¶18. We find that the chancellor's actions did not rise to the level of causing a reasonable person to harbor doubt about the judge's impartiality. When Linda's counsel presented the petition, Sheila made statements showing that she was agreeable to visitation without the need for court involvement. Therefore, the chancellor encouraged the parties to confer. When they came back with an agreed judgment, the chancellor then declined to sign the order. The chancellor reasoned,

> You can agree as much as you want, but I'm not going to sign an order that memorializes that agreement without you having had an attorney look at it.

---

[1] The chancellor erred for two reasons. First, Mississippi Code Section 93-16-2(4) is not an automatic entitlement to fees. One must still put on a showing of financial hardship. Second, as discussed under Issue I, subsection (4) only applies to petitions filed under subsection (2).

They are supposed to pay your attorney's fees. So you can either just go by an agreement between yourselves that the Court does not sign off on . . . or you can go have an attorney look at the written agreement you want the Court to sign. The reason why I'm not doing that ma'am, is because it does restrict your parental rights . . . and that agreement then becomes subject to the contempt powers of the Court. And I'm not sure you understand that and what that means. I can't give you legal advice, but I think you need it.

¶19. Linda has failed to show a reasonable doubt that the chancellor was biased. The chancellor made it clear that she thought Sheila did not understand the agreement, her parental rights, and the court's ability to enforce contempt actions.

¶20. Because a reasonable person would not find the chancellor acted with bias, prejudice, or in an impartial manner, the chancellor's refusal to recuse was not error.

## CONCLUSION

¶21. We affirm the chancellor's denial of the motion for recusal. We reverse and remand this matter with instructions for the chancellor to vacate her November 8, 2019 order requiring Linda to prepay Sheila's attorney's fees and to proceed with Linda's motion for visitation on the merits.

¶22. **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**

8